| STATE OF INDIANA | ) | IN THE MONROE CIRCUIT COURT |
|---|---|---|
| | ) SS: | Case Number: 53C01 1305 C- 001048 |
| COUNTY OF MONROE | ) | *(To be supplied by Clerk when case is filed.)* |

ROBERT EVAN SPIERER and
MARY CHARLENE SPIERER

    Plaintiffs,

vs.

COREY E. ROSSMAN,
JASON ISAAC ROSENBAUM and
MICHAEL B. BETH,

    Defendants.

FILED
MAY 31 2013

CLERK MONROE CIRCUIT COURT

## APPEARANCE BY ATTORNEY IN CIVIL CASE

This Appearance Form must be filed on behalf of every party in a civil case.

1. The party on whose behalf this form is being filed is:
   Initiating __X__   Responding _____   Intervening _____; and

   The undersigned attorney and all attorneys listed on this form now appear in this case for the following parties:

   Name of party __Robert Evan Spierer and Mary Charlene Spierer__

   Address of party *(see Question #6 below if this case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order)*
   __40 Lynwood Road, New York, New York 10583__

   Telephone # of party __914-725-8939__

   *(List on a continuation page additional parties this attorney represents in this case.)*

# RETURN OF SUMMONS
## CERTIFICATE OF MAILING
(If Applicable)

I hereby certify that on the _____ day of _____, 2013, I mailed a copy of this summons and a copy of the complaint to each of the defendant(s) _____ by (registered or certified) mail requesting a return receipt signed by the addressee only addressed to each of said defendant(s) _____ at the address(es) furnished by the plaintiff.

DATED _____, 2013

BY _____
CLERK

_____
DEPUTY

## RETURN OF SERVICE OF SUMMONS BY MAIL
(If Applicable)

I hereby certify that service of summons with return receipt requested was mailed on the _____ day of _____, return receipt was received on the _____ day of _____, 2013,

# SUMMONS

| STATE OF INDIANA | ) | IN THE MONROE COUNTY CIRCUIT COURT |
|---|---|---|
| | ) SS: | |
| COUNTY OF MONROE | ) | CAUSE NO. 53C0 1 1305 C- 00 1 0 4 8 |

ROBERT EVAN SPIERER and
MARY CHARLENE SPIERER

   Plaintiffs,

vs.

COREY E. ROSSMAN,
JASON ISAAC ROSENBAUM and
MICHAEL B. BETH,

   Defendants.

FILED
MAY 3 1 2013
CLERK MONROE CIRCUIT COURT

**TO DEFENDANT:** Corey E. Rossman
25 Mallard Drive
Sharon, MA 02067

You have been sued by the person(s) named "plaintiff" in the court stated above.

The nature of the suit against you is stated in the complaint which is attached to this summons. It also states the demand which the plaintiff has made and wants from you.

You must answer the complaint in writing, by you or your attorney, within twenty (20) days commencing the day after you receive this summons, (you have twenty-three (23) days to answer if this summons was received by mail), or judgment will be entered against you for what the plaintiff has demanded.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

CLERK'S ISSUANCE

DATE June 3rd, 2013.

BY _____
CLERK MONROE CIRCUIT COURT

_____
CLERK

_____
DEPUTY

The following manner of service is hereby designated

The following manner of service is hereby designated
[ ] By Sheriff as provided by law.    [ ] Other, as follows: _____    [ ] Registered Mail    [ X ] Certified Mail

ATTORNEYS FOR PLAINTIFF
Jason R. Barclay
BARNES & THORNBURG LLP

11 South Meridian Street
Indianapolis, Indiana 46204     317/236-1313

## ACKNOWLEDGMENT OF SERVICE OF SUMMONS

A copy of the above summons and a copy of the complaint attached thereto was received by me at

this _____ day of _____, 2013.

_____
Signature of Defendant

| STATE OF INDIANA | ) | IN THE MONROE COUNTY CIRCUIT COURT |
| --- | --- | --- |
| | ) SS: | |
| COUNTY OF MONROE | ) | CAUSE NO. |

ROBERT EVAN SPIERER and  )
MARY CHARLENE SPIERER,  )
                              )
      Plaintiffs,       )
                              )
vs.                           )
                              )
COREY E. ROSSMAN,  )
JASON ISAAC ROSENBAUM and  )
MICHAEL B. BETH,  )
                              )
      Defendants.    )

## COMPLAINT

Plaintiffs, Robert Evan and Mary Charlene Spierer, for their Complaint against Defendants Corey Rossman, Jason Rosenbaum, and Michael Beth, state as follows:

### NATURE OF THE ACTION

1. This matter involves the negligent actions and omissions of the Defendants that resulted in the disappearance, injury, and death of Lauren Elizabeth Spierer.

2. This Court has jurisdiction over the Defendants under Ind. Code. § 33-29-1-1.5.

3. Venue in this court is proper pursuant to Ind. Trial Rule 75(a)(4).

### THE PARTIES

4. Plaintiff Robert Evan Spierer ("Robert Spierer") is a natural person, parent and heir of the decedent Lauren Elizabeth Spierer, and a resident of New York.

5. Plaintiff Mary Charlene Spierer ("Charlene Spierer") is a natural person, parent and heir of the decedent Lauren Elizabeth Spierer, and a resident of New York.

6. Lauren Elizabeth Spierer ("Spierer") resided in Indiana, was unmarried, was under twenty-three years of age, and was enrolled in a post-secondary institution at the time of her disappearance and death.

7. Defendant Corey Rossman ("Rossman") is a natural person and a resident of Massachusetts.

8. Defendant Jason Rosenbaum ("Rosenbaum") is a natural person and a resident of Michigan.

9. Defendant Michael Beth ("Beth") is a natural person and a resident of New Jersey.

## ALLEGATIONS AND CLAIMS FOR RELIEF

10. Lauren Elizabeth Spierer was enrolled in a four-year post-secondary educational program at Indiana University in Monroe County, Indiana in June, 2011.

11. On or about the night of June 2 and the early morning hours of June 3, 2011, Lauren Spierer attended a party at the residence of Rosenbaum located in Monroe County, Indiana as Rosenbaum's invited guest (hereinafter the "Rosenbaum Party").

12. Rosenbaum interacted with Spierer at the party and observed that she appeared intoxicated at that time.

13. Spierer consumed alcohol supplied by Rosenbaum at the Rosenbaum Party.

14. Spierer left the Rosenbaum Party with Rossman and a mutual friend and went to Rossman's residence in the same complex, and Rosenbaum and others later stopped by Rossman's residence.

15. Beth shared that residence with Rossman, was present at the Rosenbaum Party, and returned to the residence while Rossman and Spierer were there.

2

16. Beth observed that Spierer was extremely intoxicated and witnessed Rossman encourage Spierer to join him at Kilroy's Sports Bar ("Kilroy's"), located approximately three blocks from Rossman's residence in Monroe County, Indiana, in order to consume more alcoholic beverages.

17. Rossman told Beth that "I want to have 3 more drinks at the bar and then I'll be feeling good."

18. Approximately one hour after attending the Rosenbaum Party, Rossman escorted Spierer from his residence to Kilroy's.

19. At least one witness observed that as Spierer entered Kilroy's, she appeared intoxicated, had trouble standing and relied on Rossman's assistance to walk.

20. Upon information and belief, at approximately 1:30 a.m. on or about the morning of June 3, 2011 at Kilroy's, Rossman purchased, provided, and helped Spierer consume multiple additional alcoholic beverages over the course of approximately one hour.

21. At approximately 2:30 a.m. on or about the morning of June 3, 2011, Spierer was observed leaving Kilroy's in an intoxicated state without her shoes or cellphone and returned with Rossman's assistance to the fifth floor of Smallwood Plaza, where her apartment was located.

22. Shortly thereafter, Spierer was observed by multiple individuals in a distressed, incoherent and nonresponsive state near the elevator on the fifth floor of the Smallwood Plaza with Rossman only.

23. Rossman was confronted by these individuals for not assisting Spierer into her apartment.

24. Rossman engaged in a physical confrontation with one of these individuals.

25. Rossman did not assist Spierer into her apartment, which was less than 100 yards from the elevator, but was observed shortly thereafter assisting Spierer away from Smallwood and through an alley in the direction of his residence.

26. Spierer was so intoxicated, incoherent, and unable to properly function that Rossman was observed carrying Spierer slung across his back less than a block from his residence.

27. At approximately 3:30 a.m. on or about June 3, 2011, Beth, a victim of a previous crime at his residence, returned to his residence after being at Rosenbaum's residence, and became alarmed when he witnessed what he believed might be burglars in his residence.

28. Beth discovered that it was Rossman and Spierer who had entered the residence shortly before him.

29. Beth found that Spierer was slurring her speech and was far more intoxicated than she had appeared earlier in the evening.

30. Because of Spierer's disoriented and incapacitated condition, Beth was concerned for Spierer's well-being and safety and attempted to convince Spierer to sleep on his and Rossman's couch.

31. When Spierer asked to return to her apartment, rather than helping her return to her apartment, Beth escorted Spierer to Rosenbaum's residence.

32. With Beth still present, Rosenbaum, expressing concern about Spierer's well-being and safety, attempted to contact mutual friends to pick up Spierer and take her back to her apartment.

33. Beth left and returned to his residence after these efforts.

34. Unsuccessful at contacting others, Rosenbaum acknowledged that shortly thereafter he allowed Spierer to leave his residence on her own and briefly witnessed her walking in the direction of 11th Street and College Avenue in Monroe County, Indiana at approximately 4:30 a.m..

35. Rosenbaum was the last known person with Spierer while she was alive.

36. A camera located along Spierer's return route to Smallwood Plaza at 10th Street and College Avenue never captured any images of Spierer.

37. After nearly two years of intensive searches, Spierer has never been located and is presumed to have suffered injuries that resulted in her death.

38. Spierer's abandonment in an intoxicated and disoriented state in the early morning hours of June 3, 2011 in an area known for criminal acts contributed to her disappearance, and presumed injuries and death.

39. Spierer and her parents, Robert and Charlene Spierer, suffered damages as the result of Spierer's disappearance and presumed injuries and death.

## COUNT ONE
## NEGLIGENCE RESULTING IN THE DISAPPEARANCE, DEATH OR INJURY OF AN ADULT CHILD
### (Rossman, Rosenbaum, Beth)

40. Robert and Charlene Spierer incorporate by reference, as though fully stated herein, the allegations in Paragraphs 1 through 39 of their Complaint.

41. Spierer was unmarried, was under twenty-three years of age, and was enrolled at a post-secondary institution at the time of her incapacitation, disappearance, and presumed injuries and death.

42. Rossman, Rosenbaum, and Beth owed Spierer a duty of care.

5

43. Rossman and Rosenbaum's actions to supply Spierer with alcohol knowing that she was already extremely intoxicated to the point of incapacitation breached that duty of care.

44. Further Rossman, Rosenbaum, and Beth breached that duty by failing to exercise reasonable care to ensure Spierer's safe return to her apartment.

45. Rossman, Rosenbaum, and Beth's actions and omissions caused Spierer's disappearance that resulted in her injury and death.

46. Spierer and Robert Spierer and Charlene Spierer, as Spierer's heirs, suffered damages as a result of Rossman, Rosenbaum, and Beth's actions and omissions.

## COUNT TWO
## NEGLIGENCE PER SE
## (Rossman, Rosenbaum)

47. Robert and Charlene Spierer incorporate by reference, as though fully stated herein, the allegations in Paragraphs 1 through 46 of their Complaint.

48. I.C. § 7.1-5-10-15.5 imposed a specific duty on Rossman and Rosenbaum.

49. On the morning of June 3, 2011, Rossman and Rosenbaum owed that duty to Spierer.

50. Rossman and Rosenbaum violated I.C. § 7.1-5-10-15.5.

51. Rossman and Rosenbaum's actions that violated I.C. § 7.1-5-10-15.5 caused Spierer's incapacitation which resulted in her disappearance, injury, and death.

52. Spierer and Robert Spierer and Charlene Spierer, as Spierer's heirs, suffered damages as a result of Rossman and Rosenbaum's actions.

## COUNT THREE
## DRAM SHOP
## (Rossman, Rosenbaum)

53. Robert and Charlene Spierer incorporate by reference, as though fully stated herein, the allegations in Paragraphs 1 through 52 of their Complaint.

6

54. Rossman and Rosenbaum furnished Spierer with alcoholic beverages.

55. Rossman and Rosenbaum did so with the actual knowledge that Spierer was visibly intoxicated at the time the alcoholic beverage was furnished.

56. Spierer's incapacitation caused by her intoxication was a proximate cause of her disappearance, injury, and death.

57. Spierer and Robert Spierer and Charlene Spierer, as Spierer's heirs, suffered damages as a result of Rossman and Rosenbaum's violation of I.C. § 7.1-5-10-15.5.

## DEMAND FOR JURY TRIAL

Robert and Charlene Spierer request a jury trial for all issues so triable.

WHEREFORE, Robert Evan Spierer and Mary Charlene Spierer pray that the Court enter judgment in their favor and against Corey Rossman, Jason Rosenbaum, and Michael Beth as follows:

(1) An award of statutory damages to Robert Evan Spierer and Mary Charlene Spierer as parents and heirs of Lauren Elizabeth Spierer for Defendants' negligent acts pursuant to I.C. § 34-23-2-1(f) and I.C. § 7.1-5-10-15.5;

(2) An award for monetary damages to Robert Evan Spierer and Mary Charlene Spierer for the loss of the services of their daughter, Lauren Elizabeth Spierer.

(3) An award of the Plaintiffs' costs and reasonable attorneys' fees in seeking this relief;

(4) Enhanced damages and other relief allowed; and

(5) Any further and additional relief as this Court deems just and proper.

Respectfully submitted,

*[signature]*

Larry A. Mackey (Atty. No. 11740-49)
Jason R. Barclay (Atty. No. 23497-49)
Jeanine Kerridge (Atty. No. 27721-29)
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, IN 46204
Telephone (317
Facsimile (317) 231-7433

*Attorneys for Plaintiffs, Robert Evan Spierer and Mary Charlene Spierer*

# SUMMONS

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MONROE COUNTY CIRCUIT COURT |
| | ) SS: | |
| COUNTY OF MONROE | ) | CAUSE NO. 53C0 1 1305 CT 001048 |

ROBERT EVAN SPIERER and  
MARY CHARLENE SPIERER,

    Plaintiffs,

vs.

COREY E. ROSSMAN,  
JASON ISAAC ROSENBAUM and  
MICHAEL B. BETH,

    Defendants.

FILED  
MAY 31 2013  
CLERK MONROE CIRCUIT COURT

**TO DEFENDANT:**      Jason Isaac Rosenbaum  
c/o Jennifer Lukemeyer  
Voyles Zahn Paul Hogan & Merriman  
141 East Washington Street, Suite 300  
Indianapolis, IN 46204

You have been sued by the person(s) named "plaintiff" in the court stated above.

The nature of the suit against you is stated in the complaint which is attached to this summons. It also states the demand which the plaintiff has made and wants from you.

You must answer the complaint in writing, by you or your attorney, within twenty (20) days commencing the day after you receive this summons, (you have twenty-three (23) days to answer if this summons was received by mail), or judgment will be entered against you for what the plaintiff has demanded.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

CLERK'S ISSUANCE  
DATE _June 3rd_, 2013.     BY _____  CLERK MONROE CIRCUIT COURT    CLERK / DEPUTY

The following manner of service is hereby designated    [ ] Registered Mail    [X] Certified Mail  
[ ] By Sheriff as provided by law.    [ ] Other, as follows: _____

ATTORNEYS FOR PLAINTIFF  
Jason R. Barclay                       11 South Meridian Street  
BARNES & THORNBURG LLP         Indianapolis, Indiana 46204    317/236-1313

**ACKNOWLEDGMENT OF SERVICE OF SUMMONS**  
A copy of the above summons and a copy of the complaint attached thereto was received by me at

this _____ day of _____, 2013.

_____  
Signature of Defendant

# RETURN OF SUMMONS
## CERTIFICATE OF MAILING
(If Applicable)

I hereby certify that on the _____ day of _____, 2013, I mailed a copy of this summons and a copy of the complaint to each of the defendant(s) _____

by (registered or certified) mail requesting a return receipt signed by the addressee only addressed to each of said defendant(s) _____ at the address(es) furnished by the plaintiff.

DATED _____, 2013  _____
                                                            CLERK

                              BY _____
                                                            DEPUTY

## RETURN OF SERVICE OF SUMMONS BY MAIL
(If Applicable)

I hereby certify that service of summons with return receipt requested was mailed on the _____ day of _____, 2013, and that a copy of return receipt was received on the _____ day of _____, 2013, which copy is attached herewith.

DATED _____, 2013  _____
                                                            CLERK

                              BY _____
                                                            DEPUTY

## CERTIFICATE OF CLERK OF SUMMONS NOT ACCEPTED BY MAIL
(If Applicable)

I hereby certify that on the _____ day of _____ 2013, I mailed a copy of this summons and a copy of the complaint to each of the defendant(s)

by (registered or certified) mail, and the same was returned without acceptance this _____ day of _____, 2006, and I did deliver said summons and copy of complaint to the Sheriff of Marion County, Indiana.

DATED _____, 2013  _____
                                                            CLERK

                              BY _____
                                                            DEPUTY

## RETURN BY SHERIFF OR OTHER PERSON OF SUMMONS
(If Applicable)

I hereby certify that I have served the within summons:

1. By delivering on the _____ day of _____, 2013, a copy of summons and a copy of the complaint to each of the following defendants: _____

2. By leaving on the _____ day of _____, 2013, for each of the within named defendants

a copy of the summons and a copy of the complaint at the respective dwelling house or usual place of abode with ___ _____ a person of suitable age and discretion residing therein.

3. _____ and by mailing a copy of the summons without the complaint to _____ at _____ the last known address of defendant(s).

4. This summons came to hand this _____ day of _____, 2013. The within named _____ was not found in my bailiwick this _____ day of _____, 2013.

MILEAGE    $ _____

FEES       $ _____          SHERIFF OF MONROE COUNTY, INDIANA

TOTAL      $ _____

                              BY _____

## SUMMONS

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MONROE COUNTY CIRCUIT COURT |
| | ) SS: | |
| COUNTY OF MONROE | ) | CAUSE NO. 53C0 1 1305 CT 001048 |

ROBERT EVAN SPIERER and  
MARY CHARLENE SPIERER,  

      Plaintiffs,  

vs.  

COREY E. ROSSMAN,  
JASON ISAAC ROSENBAUM and  
MICHAEL B. BETH,  

      Defendants.

**FILED MAY 3 1 2013**
CLERK MONROE CIRCUIT COURT

**TO DEFENDANT:**    Michael B. Beth  
2 Cherry Point Court  
Morganville, NJ 07751

You have been sued by the person(s) named "plaintiff" in the court stated above.

The nature of the suit against you is stated in the complaint which is attached to this summons. It also states the demand which the plaintiff has made and wants from you.

You must answer the complaint in writing, by you or your attorney, within twenty (20) days commencing the day after you receive this summons, (you have twenty-three (23) days to answer if this summons was received by mail), or judgment will be entered against you for what the plaintiff has demanded.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

CLERK'S ISSUANCE

DATE _June 3rd_____, 2013.    BY _____  
                                                CLERK MONROE CIRCUIT COURT    CLERK  
                                                                                DEPUTY

The following manner of service is hereby designated    [ ] Registered Mail    [X] Certified Mail  
[ ] By Sheriff as provided by law.    [ ] Other, as follows: _____

ATTORNEYS FOR PLAINTIFF  
Jason R. Barclay                                             11 South Meridian Street  
BARNES & THORNBURG LLP                 Indianapolis, Indiana 46204    317/236-1313

### ACKNOWLEDGMENT OF SERVICE OF SUMMONS

A copy of the above summons and a copy of the complaint attached thereto was received by me at

this _____ day of _____, 2013.

_____  
Signature of Defendant

# RETURN OF SUMMONS
## CERTIFICATE OF MAILING
(If Applicable)

I hereby certify that on the _____ day of _____, 2013, I mailed a copy of this summons and a copy of the complaint to each of the defendant(s) _____

by (registered or certified) mail requesting a return receipt signed by the addressee only addressed to each of said defendant(s) _____ at the address(es) furnished by the plaintiff.

DATED _____, 2013   _____
                                                               CLERK
                                BY _____
                                                               DEPUTY

## RETURN OF SERVICE OF SUMMONS BY MAIL
(If Applicable)

I hereby certify that service of summons with return receipt requested was mailed on the _____ day of _____, 2013, and that a copy of return receipt was received on the _____ day of _____, 2013, which copy is attached herewith.

DATED _____, 2013   _____
                                                               CLERK
                                BY _____
                                                               DEPUTY

## CERTIFICATE OF CLERK OF SUMMONS NOT ACCEPTED BY MAIL
(If Applicable)

I hereby certify that on the _____ day of _____ 2013, I mailed a copy of this summons and a copy of the complaint to each of the defendant(s) _____

by (registered or certified) mail, and the same was returned without acceptance this _____ day of _____, 2006, and I did deliver said summons and copy of complaint to the Sheriff of Marion County, Indiana.

DATED _____, 2013   _____
                                                               CLERK
                                BY _____
                                                               DEPUTY

## RETURN BY SHERIFF OR OTHER PERSON OF SUMMONS
(If Applicable)

I hereby certify that I have served the within summons:

1. By delivering on the _____ day of _____, 2013, a copy of summons and a copy of the complaint to each of the following defendants: _____

2. By leaving on the _____ day of _____, 2013, for each of the within named defendants _____

a copy of the summons and a copy of the complaint at the respective dwelling house or usual place of abode with ___ _____ a person of suitable age and discretion residing therein.

3. _____ and by mailing a copy of the summons without the complaint to _____ at _____ the last known address of defendant(s).

4. This summons came to hand this _____ day of _____, 2013. The within named _____ was not found in my bailiwick this _____ day of _____, 2013.

MILEAGE    $_____

FEES       $_____                    SHERIFF OF MONROE COUNTY, INDIANA

TOTAL      $_____

                                BY _____

INDS02 JBARCLAY 1272998v1