UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROBERT EVAN SPIERER and, MARY CHARLENE SPIERER,<br><br>Plaintiffs,<br><br>v.<br><br>COREY E. ROSSMAN, and JASON ISAAC ROSENBAUM,<br><br>Defendants. | ) | CAUSE NO. 1:13-cv-991-TWP-TAB |

**DEFENDANT JASON ISAAC ROSENBAUM'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Plaintiffs' remaining counts for negligence per se and Dram Shop liability are based upon the allegation that Defendant Jason Isaac Rosenbaum ("Rosenbaum") violated the Indiana Dram Shop Act. Rosenbaum moves for the entry of summary judgment on these remaining counts because Plaintiffs cannot designate sufficient evidence from which a reasonable jury could find for Plaintiffs on an essential element of both counts – that the alleged intoxication of their daughter Lauren Spierer ("Spierer") was the proximate cause of her alleged death or injury.

It is undisputed that Spierer was alive when she left Rosenbaum's residence to walk to her apartment. Complaint, ¶ 34. Plaintiffs' theories of what ***might*** have occurred after Spierer left Rosenbaum's residence on her own accord constitutes mere speculation and conjecture, which Plaintiffs cannot rely upon to survive a motion for summary judgment. *Schacht v. Wisconsin Dep't of Corrections*, 175 F.3d 497 (7th Cir. Wis. 1999) (describing summary judgment as the moment in a lawsuit "when a party must show what evidence it has that would convince a trier of fact to accept its version of events"). Plaintiffs must submit evidentiary

materials that "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Because Plaintiffs cannot designate sufficient evidence from which a reasonable jury could find that Spierer's intoxication was the proximate cause of her alleged injury and/or death, summary judgment should be granted in favor of Rosenbaum and against Plaintiffs.

**ROSENBAUM'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

Pursuant to Local Rule 56.1(a), Rosenbaum does not dispute, ***for purposes of this Motion only***, the following Material Facts alleged by Plaintiffs in their Complaint:

1. Spierer attended a party at the residence of Rosenbaum on the night of June 2 and early morning hours of June 3, 2011. Complaint, ¶ 11.[1]
2. Spierer left the Rosenbaum residence with Defendant Corey Rossman ("Rossman") and went to Rossman's residence located in the same complex. *Id.* at ¶ 14.
3. An hour later, Rossman and Spierer went to Kilroy's Sports Bar ("Kilroy's"), located three blocks from Rossman's residence. *Id.* at ¶¶ 16, 18.
4. Spierer consumed alcohol at Kilroy's from 1:30 a.m. to 2:30 a.m. *Id.* at ¶¶ 20-21.
5. At approximately 2:30 a.m. Rossman and Spierer left Kilroy's and went to the Smallwood Plaza, where Spierer's apartment was located. *Id.* at ¶ 21.
6. Rossman and Spierer left Smallwood Plaza and returned to Rossman's residence which he shared with Michael Beth ("Beth"). *Id* at ¶¶ 27-28.
7. Beth and Spierer then went to Rosenbaum's residence. *Id* at ¶ 31.

[1]Plaintiffs also allege that Rosenbaum interacted with Spierer at the party, observed that she appeared intoxicated, and supplied her with alcohol. *Id.* at ¶¶ 12-13. Defendant Rosenbaum adamantly denies these allegations. However, the veracity of these allegations need not be resolved at this time because these alleged facts are not material. A plaintiff's failure to designate sufficient evidence on a single essential element "necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). As discussed below, Plaintiffs cannot marshal sufficient evidence from which a reasonable jury could determine Spierer was injured or is deceased as a direct result of intoxication, regardless of who allegedly furnished the alcohol she consumed. In the event this Motion is denied, Defendant Rosenbaum intends to move for summary judgment on the grounds that he did not furnish Spierer alcohol with actual knowledge that she was visibility intoxicated at the time.

8. Rosenbaum allowed Spierer to leave his residence on her own at approximately 4:30 a.m. *Id* at ¶ 34. Spierer has not been seen since 4:30 a.m. on June 3, 2011 as she was walking in the direction of 11th Street and College Avenue. *Id.* at ¶¶ 35-38.

**ARGUMENT**

**A. Summary Judgment Standard.**

"Summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the federal rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." *Kodrea v. City of Kokomo*, 458 F. Supp. 2d 857, 864-5 (S.D. Ind. 2006) (citations omitted). Summary judgment is appropriate when the record shows that there is "no genuine issue of any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex*, 477 U.S. at 322. Disputes concerning material facts are genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party. *Id.*

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions [of the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. The party seeking summary judgment on a claim on which the non-moving party bears the burden of proof at trial may discharge its burden by showing an absence of evidence to support the non-moving party's case. *Id.* at 325. The moving party need not support its motion with affidavits or materials negating the opponent's claim in such circumstances. *Id.* at 323.

Once the initial burden is met, the nonmoving party must then "go beyond the pleadings" and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324. If plaintiff is unable to satisfy the legal requirements necessary to establish his or her case, summary judgment is not only appropriate, but mandated. *Id.* at 322; *Ziliak v. AstraZeneca LP*, 324 F.3d 518, 520 (7th Cir. 2003). Further, "a plaintiff's self-serving statements, which are speculative or which lack a foundation of personal knowledge and which are unsupported by specific concrete facts reflected in the record, cannot preclude summary judgment." *Schneider v. Caraustar*, 2007 U.S. Dist. LEXIS 32048, *13 (S.D. Ind. April 30, 2007) (citing *Albierov. City of Kankakee*, 246 F.3d 927, 933 (7th Cir. 2001)).

**B. Plaintiffs' remaining claims fail as a matter of law.**

The Indiana Dram Shop Act imposes liability on a person who (1) furnishes alcoholic beverage(s) to an individual with actual knowledge that the person to whom the alcoholic beverage was furnished was visibility intoxicated at the time, and (2) the intoxication of the person to whom the alcoholic beverage was furnished was the proximate cause of the death, injury, or damage alleged in complaint. I.C. § 7.1-5-10-15.5(b). Summary judgment should be entered in favor of Rosenbaum on Plaintiffs' remaining claims for negligence per se and Dram Shop liability because Plaintiffs cannot designate sufficient evidence from which a jury could find Spierer's alleged intoxication was the proximate cause of her ***presumed*** injuries or death.[2]

---

[2] Indiana common law presumes that one who has been absent for less than seven (7) years is still alive. Docket # 37, p 21. In this case, Plaintiffs are seeking damages for the death of Spierer pursuant to the Child Wrongful Death Act ("CWDA"). Complaint, ¶¶ 6, 37-39, 41, 45, 51, and 56. Plaintiffs' Complaint refers to Spierer as "the decedent" and themselves as the "heir of the decedent." Complaint, ¶¶ 4-5, 46, 52, and 57. The Prayer for Relief seeks damages as provided under the CWDA including monetary damages for the loss of services of their daughter, costs, and attorneys' fees. However, Plaintiffs cannot demonstrate that Spierer is indeed deceased through direct or circumstantial evidence. It is undisputed that to date, Spierer has never been located, and it is unknown what happened to her after she left Rosenbaum's residence at 4:30 a.m. on June 3, 2011. The mere fact that Spierer has not been located does not mean that she is in fact dead or injured. Even if reasonable inferences regarding death or injury could arguably be drawn in favor of Plaintiffs at this stage, Rosenbaum disputes this contention.

Indiana law teaches that "proximate cause places an effective limit on dram shop liability." *Merchants Nat. Bank v. Simrell's Sports Bar & Grill*, 741 N.E.2d 383, 389 (Ind. Ct. App. 2000) (citing *National R.R. Passenger Corp. v. Everton*, 655 N.E.2d 360, 365 (Ind. Ct. App. 1995)). The *Merchants* Court explained:

> In determining whether an act is the proximate case of another's injury, we consider whether the injury was the natural and probable consequences of the negligent act which, in light of the attending circumstances, could have been reasonably foreseen or anticipated. *St. John Town Bd. v. Lambert*, 725 N.E.2d 507, 520 (Ind. Ct. App. 2000). To be considered a proximate case, the negligent act must have set in motion a chain of circumstances which, in natural and continuous sequence, led to the resulting injury.

741 N.E.2d at 389. *See also Booker, Inc. v. Morrill*, 639 N.E.2d 358, 363 (Ind. Ct. App. 1994) (Indiana's Dram Shop Act requires a plaintiff to show his intoxication was "that cause which, in natural and continuous sequence, unbroken by an efficient intervening cause, produced the result complained of and without which the result would not have occurred." (citation omitted)).

In *Merchants*, a patron who was furnished alcohol at a tavern became involved in an altercation with another group of patrons outside the tavern and was shot and killed. The trial court granted summary judgment in favor of the tavern holding that it was not liable for the patron's death under the Dram Shop Act. 741 N.E.2d at 389. The Court of Appeals upheld the trial court's decision, explaining that "even though a proprietor may have a statutory duty to refrain from providing alcoholic beverages to intoxicated persons, the proprietor will not be held liable unless the alleged violation is the proximate cause of the person's death or injury." *Id.* The *Merchants* Court held that summary judgment was appropriate because any breach of the tavern's statutory duty under Indiana's Dram Shop Act was not the proximate cause of the resulting harm. *Id.* The patron's criminal act was an intervening criminal act that broke the causal chain between the tavern's alleged negligence and the patron's death. *Id.* *See also Fast*

*Eddie's v. Hall*, 688 N.E.2d 1270, 1274 (Ind. Ct. App. 1997) (summary judgment in favor of tavern was appropriate because the tavern's breach of its statutory duty was not the proximate cause of death where "a willful, malicious criminal act of a third party is an intervening act which breaks the causal chain between the alleged negligence and the resulting harm").

The purported causal connection between Spierer's intoxication and her alleged injury or death is even more tenuous then in *Merchants* because Plaintiffs cannot designate any evidence which would allow a jury to determine what happened to Spierer after she left Rosenbaum's residence. Indeed, it is undisputed that Spierer was alive and walking on her own in the direction of 11th Street and College Avenue when she left Rosenbaum's residence. To prove their case, Plaintiffs ask the trier of fact to ***assume*** without any evidentiary support that her intoxication – as opposed to the infinite number of other potential causal events – was the proximate cause of whatever happened to her after she was last seen leaving Rosenbaum's residence. Such speculation and conjecture cannot support a finding of proximate cause. *Vandenbosch v. Daily*, 785 N.E.2d 666, 2003 Ind. App. LEXIS 524 (Ind. Ct. App. 2003) ("The plaintiff's burden may not be satisfied with evidence based merely upon supposition or speculation."). Furthermore, any criminal activity that might have occurred once Spierer left Rosenbaum's residence constitutes an intervening act which breaks the causal chain between Rosenbaum's purported breach and the alleged death/injury. *Merchants*, 741 N.E.2d at 389; *Fast Eddie's*, 688 N.E.2d at 1274. In either event, no reasonable jury could find that Spierer's intoxication was the proximate cause of her alleged injury or death, and Plaintiffs cannot meet their burden of establishing the requisite element of proximate cause. Thus, summary judgment in favor of Rosenbaum on Plaintiffs' remaining claims is warranted.

## CONCLUSION

For the above reasons, Rosenbaum respectfully requests that the Court enter summary judgment on Plaintiffs' Complaint where the undisputed evidence demonstrates there are no genuine issues of material fact to preclude judgment as a matter of law in favor of Rosenbaum.

Respectfully submitted,

**LEWIS WAGNER, LLP**

By: s\John C. Trimble
JOHN C. TRIMBLE, #1791-49
STEPHANIE L. CASSMAN, #22206-49
ROBERT M. BAKER IV, #25471-49
THERESA R. PARISH, #27996-49
Counsel for Defendant Jason Isaac Rosenbaum

**CERTIFICATE OF SERVICE**

This is to certify that I have served a copy of the foregoing upon all counsel of record, as follows, via the Court's electronic filing system, this 20th day of February 2014:

Larry A. Mackey
Jason R. Barclay
Jeanine Kerridge
BARNES & THORNBURG LLP
11 S Meridian St
Indianapolis IN 46204-3535
mackey@btlaw.com
jason.barclay@btlaw.com
jeanine.kerridge@btlaw.com

Dane A. Mize
Richard Robert Skiles
SKILES DETRUDE
150 E Market St Ste 200
Indianapolis, IN 46204
dmize@skilesdetrude.com
rskiles@skilesdetrude.com

I hereby certify that a copy of the foregoing has been served upon the following counsel of record, by First Class U.S. Mail, postage prepaid, this day of February 20, 2014:

Carl Arthur Salzmann
602 N College Ave
Bloomington IN 47404

s\John C. Trimble
JOHN C. TRIMBLE

LEWIS WAGNER, LLP
501 Indiana Avenue, Suite 200
Indianapolis, IN 46202-6150
Telephone: (317) 237-0500
Facsimile: (317) 630-2790
jtrimble@lewiswagner.com
scassman@lewiswagner.com
rbaker@lewiswagner.com
tparish@lewiswagner.com

Q:\CHI\0359\PLEADINGS\Brief in Support MSJ_FINAL.doc