UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT EVAN SPIERER, <br> MARY CHARLENE SPIERER, <br><br> Plaintiffs, <br><br> vs. <br><br> COREY E ROSSMAN, <br> JASON ISAAC ROSENBAUM, <br> MICHAEL B BETH, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 1:13-cv-00991-TWP-TAB <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER ON PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER**

Pending before the Court is Plaintiffs' motion for a protective order, which seeks to limit the dissemination of discovery information related to the disappearance of Lauren Spierer. Plaintiffs claim a protective order is needed to prevent possible harm resulting from public disclosure of private information and to ensure an impartial jury at trial. Defendants object, arguing that the proposed protective order is overbroad and seeks carte blanche to seal materials from the public. The Court finds the proposed protective order is overbroad and fails to meet Seventh Circuit standards. For the reasons detailed below, Plaintiffs' motion for a protective order [Filing No. 51] is denied without prejudice.

Plaintiffs' proposed protective order seeks to label as confidential "testimony, transcripts, witness statements, videos, law enforcement materials or other tangible or intangible things, whose disclosure would create a substantial risk of harm to a Party or nonparty." [Filing No. 51.] The protective order requires documents labeled as confidential to be stored in a secure location and limits access to these documents. Defendants claim Plaintiffs' proposed protective

1

order seeks a blanket seal on discovery. In response, Plaintiffs clarify that the proposed protective order is not intended to provide blanket protection. Rather, the protective order proposes that certain documents be labeled confidential, and further requires the parties to comply with local requirements to file such documents under seal, subject to the limitations of Fed. R. Civ. P. 26(c). Even so, Plaintiffs' clarification of the proposed protective order is insufficient to remedy its deficiencies.

The undersigned has historically denied overbroad or vague protective orders pursuant to Seventh Circuit case law, such as [Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943 (7th Cir. 1999)](#) (noting that broad protective orders giving the parties carte blanche to decide what portions of the record remain secret are invalid). *See* [Keen v. Nestle Waters North America, Inc., No. 1:10-cv-1075-LJM-TAB, 2011 WL 6826631 (Dec. 28, 2011)](#) (discouraging a broad-brush approach in marking documents confidential and seeking to then file under seal); [Bowman v. International Business Machine Corp., No. 1:11-cv-0593-RLY-TAB, 2012 WL 5285891 (S.D. Ind. Oct. 23, 2012)](#) (denying several overbroad motions to seal, where the party provided no adequate justification for sealing documents); [Meharg v. AstraZeneca Pharmaceuticals LP, No. 1:08-cv-184-DFH-TAB, 2009 WL 2960761 (S.D. Ind. Sept. 14, 2009)](#) (noting that it is often the practice of counsel to overdesignate discovery responses as confidential and stressing that such designations must be made in good faith); [Cardiac Pacemakers, Inc. v. St. Jude Medical, Inc., No. 1:96-cv-1718-DFH-TAB, 2007 WL 141923, at *2 (S.D. Ind. Jan. 16, 2007)](#) ("[A]ll too frequently this Court finds itself reviewing overbroad and unsupported requests to file documents under seal."). History repeats itself by way of Plaintiffs' motion for protective order.

Defendant Corey Rossman accurately lists the deficiencies found in Plaintiffs' proposed protective order: (1) it does not identify a legitimate category of confidential information to be protected; (2) it does not properly describe the information to be protected; (3) it does not include language allowing the public to challenge the Party's sealing of particular documents; and (4) it does not create a mechanism to ensure that good cause exists for sealing documents filed with the Court from the public. [Filing No. 56, at ECF p. 2.] As Rossman makes apparent, Plaintiffs' proposed protective order is no model of clarity.

Rather, the proposed protective order overdesignates material to be labeled confidential. For starters, Plaintiffs describe confidential information as "including, among other things," certain broad categories of information. [Filing No. 51-2, at ECF p. 2.] Plaintiffs seek to designate material as confidential information so as to prevent harm to parties, nonparties, and ongoing criminal investigations. However, Plaintiffs fail to explain how such material is under a legitimate category of confidential information. Moreover, they do not properly describe what type of material would harm parties, nonparties, and ongoing criminal investigations, or how this material would cause harm. *See Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002) (finding disclosure of relevant information that 'could' harm a litigant's competitive position insufficient to keep a document confidential).

The protective order is also vague as to the type of information Plaintiffs seek to protect. Absent clear language, the parties cannot determine in good faith what information qualifies as confidential. This is especially important because a confidential designation limits what parties can do with the documents. Thus, Plaintiffs must more narrowly and more convincingly identify the need to make certain documents confidential. Moreover, the proposed order must expressly create a separate mechanism for the parties to seek to file material under seal. Typically, this is

done by stating in the protective order that if any request is made to seal information in the record, such a request will be made by a separate motion supported by good cause. The Court will not grant carte blanche to seal such material by way of an approved protective order. And any subsequent motion seeking to seal any part of the record will be strictly scrutinized.

Plaintiffs' argue that the protective order is necessary to ensure an impartial jury. As Defendant Jason Rosenbaum correctly asserts, it is unlikely that discovery material would taint the jury pool, given that this information will likely be used as evidence during the trial. [Filing No. 57, at ECF p. 3.] Any potential prejudice can be fully explored through voir dire and, if necessary, the Court can provide cautionary instructions to the jury. *See, e.g., Estate of Rodriguez v. City of Fort Wayne*, No. 1:08-cv-0267, 2009 WL 424244 (N.D. Ind. Feb. 18, 2009). Thus, the Court rejects Plaintiffs' argument.

The general rule is that the record of a judicial proceeding is public. *Jessup v. Luther, 277 F.3d 926, 927 (7th Cir. 2002)*. If Plaintiffs have any hope of getting the Court to approve a protective order limiting the manner in which discovery materials may be handled and disclosed, Plaintiffs must correct the deficiencies noted in this order. Thus, Plaintiffs' motion for a protective order [Filing No. 51] is denied without prejudice.

Date: 3/19/2014

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Jason Ross Barclay
BARNES & THORNBURG LLP
jason.barclay@btlaw.com

Jeanine R. Kerridge
BARNES & THORNBURG LLP
jeanine.kerridge@btlaw.com

Larry A. Mackey
BARNES & THORNBURG LLP
larry.mackey@btlaw.com

James Gregory Garrison
GARRISON LAW FIRM
greg@garrisonlegal.com

Joshua N. Taylor
GARRISON LAW FIRM LLC
josh@garrisonlegal.com

John Carl Trimble
LEWIS WAGNER LLP
jtrimble@lewiswagner.com

Stephanie Lynn Cassman
LEWIS WAGNER LLP
scassman@lewiswagner.com

Theresa Renee Parish
LEWIS WAGNER LLP
tparish@lewiswagner.com

Robert M. Baker, IV
LEWIS WAGNER LLP
rbaker@lewiswagner.com

Carl Arthur Salzmann
SALZMANN LAW
salzmannlaw@ymail.com

Dane Andrew Mize
SKILES DETRUDE
dmize@skilesdetrude.com

Richard Robert Skiles
SKILES DETRUDE
rskiles@skilesdetrude.com

James H. Voyles
VOYLES ZAHN & PAUL
jvoyles@vzplaw.com

Jennifer Lukemeyer
VOYLES ZAHN & PAUL
jlukemeyer@vzplaw.com