UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT EVAN SPIERER and MARY CHARLENE SPIERER, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Cause No. 1:13-cv-00991-TWP-TAB ) |
| COREY E. ROSSMAN and JASON ISAAC ROSENBAUM, | ) ) ) |
| Defendants. | ) |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO ROSENBAUM'S
MOTION FOR SUMMARY JUDGMENT**

Plaintiffs, Robert Evan Spierer and Mary Charlene Spierer (the "Spierers") respectfully respond in opposition to Defendant Jason Isaac Rosenbaum's ("Rosenbaum") Motion for Summary Judgment.

**I.       Introduction And Background.**

As this Court already has ruled, the Spierers properly have alleged a dram shop claim against Rosenbaum. As this Court also has ruled, the Spierers now are entitled to commence discovery. [Doc. 52]. Rosenbaum's continued effort to prevent discovery, this time by seeking summary judgment before the parties have engaged in *any* discovery, should be rejected.

On June 2, 2011 and June 3, 2011, Rosenbaum hosted a party at his home where he served alcohol. The Spierers' daughter, Lauren Elizabeth Spierer, attended the party at Rosenbaum's home and Rosenbaum supplied alcohol to her although she was visibly intoxicated. Lauren later left Rosenbaum's home with co-defendant Corey Rossman, who supplied her with additional alcohol despite her visible intoxication. Although Rossman at one

point returned with Lauren to her residence, he failed to take her to her apartment.  Instead, he returned with her to his apartment, at times even having to carry Lauren because she was unable to walk.  Rossman did not ensure Lauren's safety at his apartment, however, and his roommate took Lauren back to Rosenbaum's apartment.  Rosenbaum claims that Lauren left his apartment.  She never has been seen nor heard from again, despite a large and public search.

On July 25, 2013, Rosenbaum moved to dismiss the Spierers' claims under Fed. R. Civ. P. 12(b)(6).  [Doc. 24 and 25].  In that Motion, Rosenbaum argued, as he does here, that the Spierers claims failed as a matter of law because Rosenbaum was not the proximate cause of Lauren's injuries.  This Court rejected Rosenbaum's argument and partially denied his Motion to Dismiss, allowing the Spierers to proceed with their dram shop claims.  [Doc. 37].  His argument once against is unavailing and should be denied.

Further, despite Rosenbaum's request to stay discovery at the parties' case management conference after the Court's ruling on his motion to dismiss, the Magistrate Judge ruled that discovery should proceed on Plaintiff's claims.  [Doc. 52].  His attempts to seek summary judgment – a motion for which discovery is essential – before the Spierers have the opportunity to conduct discovery to which they are entitled under the Federal Rules of Civil Procedure should be rejected.

**II.     Statement of Material Facts in Dispute.**

No discovery has been conducted at this stage, and therefore many material facts remain in dispute.  For example, the Spierers have contended that Rosenbaum furnished Lauren with alcohol at a party at his residence on June 2, 2011 and June 3, 2011 while Lauren was in a visible intoxicated state.  [Doc. 1, ¶¶ 12-13].  Although Rosenbaum contends that fact is irrelevant for

purposes of his Motion for Summary Judgment, it is directly relevant to his duty under Indiana's dram shop act, including the issue of proximate cause.

Rosenbaum further contends that it is undisputed that he allowed Lauren to leave his apartment alone at 4:30 a.m. on June 3, 2011 and briefly saw her walking down the street. That "undisputed fact" is an allegation in the Spierers' Complaint that is based solely on Rosenbaum's own unverified statements. [Doc. 1, ¶ 8] The Spierers accordingly pleaded that *Rosenbaum acknowledged* that he allowed Lauren to leave his apartment on her own and observed her walking down the street. [Doc. 1, ¶ 34, emphasis added].

Rosenbaum has identified no "undisputed facts" beyond the allegations in the Spierers Complaint. No discovery has been conducted, and therefore Rosenbaum identifies no interrogatories, depositions or other materials in the record to support his factual contentions.

Absent any discovery, the Spierers are substantially prejudiced as they cannot at this time present additional facts essential to their opposition to Rosenbaum's Motion for Summary Judgment. Exhibit A, Declaration of Jeanine Kerridge Pursuant to Fed. R. Civ. P. 56(d). Only the discovery to which the Spierers are entitled can fully establish the undisputed facts and the relationship of those facts to causation. The Federal Rules of Civil Procedure and interests of justice entitled the Spierers to discovery to fully respond to Rosenbaum's allegations.

**III.     Legal Argument.**

It is axiomatic that the nonmovant must be given ample opportunity to conduct discovery necessary to summary judgment prior to that draconian measure being used to end the case on the merits. Accordingly, Rosenbaum's Motion for Summary Judgment is premature as the parties have conducted *no discovery* at this stage. Indeed, simultaneously with his Motion for Summary Judgment, Rosenbaum moved to limit discovery and he has objected to nonparty

requests served by the Spierers. Rosenbaum should not be permitted to prematurely use the draconian measure of summary judgment while preventing the Spierers from the opportunity to conduct any of the discovery necessary to respond.

Rosenbaum has identified no materials outside of the pleadings in his purported Motion for Summary Judgment. *See* Fed. R. Civ. P. 56 (c). As such, it is nothing more than an attempt to reargue claims rejected by this Court in Rosenbaum's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). Although he purports to style his current Motion as seeking summary judgment under Fed. R. Civ. P. 56, he simply recites the allegations in the Spierers' Complaint that he attempts to designate as "undisputed facts." As such, his Motion more properly should be treated as a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c).

Moreover, even under the Fed. R. Civ. P. 56 standard, disputed issues of material fact clearly remain. The lynchpins of Rosenbaum's motion – that (a) it is "undisputed" that he last saw Lauren when she left his apartment, and (b) accordingly, he cannot have proximately caused harm to her – both are meritless.

Despite Rosenbaum's contention that the allegations of the Spierers' Complaint constitute undisputed facts for purposes of summary judgment, the source of primary basis for his argument for lack of proximate cause – that he let Lauren leave his apartment and saw her briefly walking away – is based solely on Rosenbaum's own unsworn statements. As such, the Spierers properly alleged in their Complaint that *Rosenbaum acknowledged* that he allowed Lauren to leave his apartment on her own and observed her walking down the street. [Doc. 1, ¶ 34]. The Spierers properly alleged the facts available to them at the time they filed their Complaint and are entitled to discovery on their allegations.

In any event, Rosenbaum has not met the standard to establish that no reasonable jury could conclude that his breach of his duty under the dram shop act proximately caused Lauren's injuries. Indeed, based on Rosenbaum's statement that he allowed Lauren to leave his apartment and last saw her walking down the street, a reasonable jury certainly *could* conclude that Rosenbaum's furnishing alcohol to Lauren in a visibly intoxicated state, to the extent that Rosenbaum became concerned for her well-being and attempted to find help for her, but nevertheless then allowing her to walk alone after 4:30 a.m. while intoxicated, proximately caused her injuries. Indeed, it is well established under Indiana law that risk of harm is a foreseeable consequence of negligently furnishing alcohol to intoxicated individuals – a legal principle Rosenbaum ignores. *Nat'l R.R. Passenger Corp. v. Everton*, 655 N.E.2d 360, 367 (Ind. Ct. App. 1995) ("the risk of harm is a foreseeable consequence of negligently furnishing alcoholic beverages to intoxicated patrons.") (citations omitted).

Most importantly, Rosenbaum's motion is nothing more than yet another effort to prevent the Spierers from obtaining the discovery necessary to develop facts sufficient to establish all of the elements of their claims, including the element of proximate cause. Discovery is just beginning and no deposition testimony or documentary evidence has yet been produced. The Spierers should be allowed to conduct the discovery necessary to develop the evidence before defense motions for summary judgment are considered or decided.

Rosenbaum's Motion for Summary Judgment accordingly should be denied.

### A.     Rosenbaum's Motion For Summary Judgment Is Premature As No Discovery Has Been Conducted.

Rosenbaum's Motion for Summary Judgment is premature because no discovery has been conducted. Indeed, not only has Rosenbaum moved for summary judgment on the issue of proximate cause, but Rosenbaum also at the same time filed a motion to limit or stay discovery.

The Spierers are highly prejudiced by Rosenbaum's attempts to deny them discovery while simultaneously moving for summary judgment – which "is a type of motion for which discovery is unquestionably appropriate." *Inland Am. (LIP) Sub., LLC v. Lauth*, 2010 U.S. Dist. LEXIS 14899, at * 7 (S.D. Ind. Feb. 19, 2010).

As the Seventh Circuit has recognized, "[s]ummary judgment should not be entered until the party opposing the motion has had a fair opportunity to conduct such discovery as may be necessary to meet the factual basis for the motion." *Grayson v. O'Neill*, 308 F.3d 808, 815 (7th Cir. 2002) (internal quotations omitted). Under United States Supreme Court precedent, summary judgment is appropriate "*after* adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (emphasis added). *Accord Doty v. Ill. Cen. R.R. Co.*, 162 F.3d 460, 462 (7th Cir. 1998) (grant of summary judgment not premature where district court "provided [plaintiff] with ample opportunity to take whatever discovery he thought necessary[.]").

Rosenbaum's Motion for Summary Judgment is premature absent discovery essential to allow the Spierers to adequately respond to summary judgment. Accordingly, it should be denied.

> **B.   Rosenbaum's Motion For Summary Judgment Offers No Evidence Outside The Pleadings And Is Nothing More Than A Rehash Of His Failed Arguments To Dismiss Under Fed. R. Civ. P. 12(B)(6).**

Rosenbaum has designated no evidence in support of his Motion for Summary Judgment beyond the allegations of the Spierers' Complaint. As such, his purported Motion for "Summary Judgment" is more properly characterized as a motion for judgment on the pleadings under Fed.

R. Civ. P. 12(c) and does nothing more than rehash arguments that this Court rejected in ruling on Rosenbaum's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6).

"Rule 12(c) allows a party to move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial. Fed. R. Civ. P. 12(c).  Motions for judgment on the pleadings are reviewed under the same standard as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Rihm v. Hancock County Pub. Library*, 2013 U.S. Dist. LEXIS 170089, at * 5 (S.D. Ind. Dec. 3, 2013) ((citing *R.J. Corman Derailment Services, LLC v. Int'l Union of Operating Eng'rs, Local Union 150, AFL—CIO*, 335 F.3d 643, 647 (7th Cir. 2003)). "To that end, the court will accept 'all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.'" *Id.* (quoting *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000)). "This motion will be granted 'only when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved.'" *Id*. at *5-6 (quoting *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007)).

Rosenbaum's Motion – designating no evidence outside of the pleadings – should not be treated as a motion for summary judgment, "as the [Spierers] ha[ve] not been afforded the opportunity to properly respond to a motion for summary judgment." *Antey v. Donahue*, 2013 U.S. Dist. LEXIS 16550, at * 10 (S.D. Ind. Feb. 7, 2013)).  *See also Benchmark Electronics, Inc. v. J.M. Huber Corp*., 343 F.3d 719, 725 (5th Cir. 2003) ("summary judgment may not be used to cut off discovery" and finding "plain error" court's decision to treat a motion for judgment on the pleadings as a motion for summary judgment "without allowing discovery.").

7

### C. If The Court Does Apply Fed. R. Civ. P. 56, Disputed Issues Of Material Fact Remain.

If the Court does apply the standard under Fed. R. Civ. P. 56 in ruling on Rosenbaum's Motion, disputed issues of material fact remain that preclude a grant of summary judgment.

Rosenbaum characterizes the allegations of the Spierers' Complaint as "undisputed facts" for the purposes of summary judgment when they simply are allegations to place Rosenbaum on notice of the Spierers' legal claims under Fed. R. Civ. P. 8. The Spierers properly pleaded the facts as known at the time of filing sufficient to place Rosenbaum on notice of their claim. "This simplified notice pleading standard relies on *liberal discovery rules* and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (citing *Conley v. Gibson,* 355 U.S. 41, 47-48 (1957) (emphasis added)). Of course, here *no* discovery has taken place, yet Rosenbaum seeks to designate the pleadings in the Spierers' Complaint as undisputed facts for purposes of summary judgment.

Moreover, disputed issues of material fact clearly remain. Indeed, despite Rosenbaum's characterization of Lauren leaving his apartment and walking on her own as an "undisputed fact," the sole source for that contention is Rosenbaum's unsworn statements. The Spierers accordingly qualified that allegation in their Complaint, stating that "*Rosenbaum acknowledged*" that he allowed Lauren to leave on her own and briefly observed her walking down the street. [Doc. 1, ¶ 34]. Far from an "undisputed fact," this statement simply is an allegation in the Complaint recounting Rosenbaum's own unverified assertions. Rosenbaum cannot support his Motion for Summary Judgment through his own self-serving statements and he offers no other factual evidence in support of his Motion. *Slowiak v. Land O'Lakes, Inc.*, 987 F.2d 1293, 1295 (7th Cir. 1995).

8

In any event, Rosenbaum's statement that he allowed Lauren to leave in an intoxicated state still presents disputed issues of material fact because Rosenbaum has not met his burden to demonstrate that no reasonable jury could conclude that his furnishing alcohol to her in an intoxicated state, then allowing her to leave, alone and intoxicated at 4:30 in the morning, was a proximate cause of her injuries.

### D. Proximate Cause Is A Fact Specific Inquiry That Cannot Be Resolved At This Stage.

Under Indiana law, whether Rosenbaum's breach of his duty under the dram shop act was the proximate cause of Lauren's injuries is a question of fact for the jury and cannot properly be resolved as a matter of law at this stage.

In applying Indiana's dram shop law, "[t]he concepts of duty and proximate cause are related. Whereas duty is confined to questions of the existence of some relation between the defendant and the plaintiff which gives rise to the obligation of conduct in the first instance, proximate cause concerns the connection between that obligation, once it has arisen, and the consequence[s] which have followed." *Nat'l R.R. Passenger Corp. v. Everton*, 655 N.E.2d 360, 365 (Ind. Ct. App. 1995) (internal citations and quotations omitted). "In other words, proximate cause is merely the limitation which the courts have placed upon the actor's conduct." *Id*. (internal quotation and citation omitted).

Rosenbaum owed Lauren a duty under the dram shop act due to his furnishing alcohol to her while she was visibly intoxicated. Rosenbaum was required to fully discharge his duty and can be held liable for his failure to do so. As the *Everton* Court recognized, "an act of negligence need not be the *only* proximate cause, and liability arises if the act, concurring with one or more other causes, is *a* proximate cause of the injury." *Id*. at 366 (emphasis added). The *Everton* Court determined that Amtrak could be liable under the dram shop act for serving

9

alcohol to a visibly intoxicated passenger on a train, notwithstanding that the plaintiff had sustained injuries while in the care of law enforcement. "Amtrak's duty arose when it served Everton alcoholic beverages on the train and had a right to control his consumption. By the time Everton's intoxication required his removal from the train, Amtrak had already breached its duty." *Id*. at 366, n. 7. Similarly, here, Rosenbaum breached his duty to Lauren when he served her alcohol in a visibly intoxicated state.

Also as with *Everton*, "the foreseeability of an intervening cause and, thus, whether [Rosenbaum]'s conduct is the proximate cause of [Lauren]'s injuries, is a question of fact for the jury's determination." *Id*. at 367 (citations omitted). "There also is no merit to [Rosenbaum]'s argument that . . . [Lauren]'s injuries were an unforeseeable consequence of its negligence. Our courts have held that the risk of harm is a foreseeable consequence of negligently furnishing alcoholic beverages to intoxicated patrons." *Id*. (citing *Picadilly, Inc. v. Colvin*, 519 N.E.2d 1217, 1220 (Ind. 1988) ("foreseeable risk of harm is indisputable") and *Parrett v. Lebamoff*, 408 N.E.2d 1344, 1345 (Ind. Ct. App. 1980) ("risk of harm to the intoxicated person whose faculties are visibly impaired is readily foreseeable.")).

As the *Everton* Court held, "an actor need not foresee the exact manner in which harm will occur but must, in a general way, foresee the injurious consequences of his actions." *Id*. (citation omitted). Moreover, "it is for the *jury* to determine whether or not the injurious consequences that resulted from negligence are such as ought to have been reasonably foreseen." *Id*. (quotation and citation omitted, emphasis added).

Rosenbaum improperly attempts to shift the burden of proof to the Spierers to establish that no other cause could have lead to Lauren's disappearance and presumed death. As the Seventh Circuit recognized, "[t]he plaintiff doesn't have to prove a series of negatives; he

10

doesn't have to offer evidence which positively excludes every other possible cause of the accident." *BCS Servs., Inc. v. Heartwood 88, LLC*, 637 F.3d 750, 757 (7th Cir. 2011) (internal quotation and citations omitted). "In technical legal terms the burden of proving an 'intervening cause' – something which snaps the 'causal chain' (that is, operates as a 'superseding cause,' wiping out the defendant's liability . . . that connects the wrongful act to the [plaintiff]'s injury – *is on the defendant*." *Id*. (emphasis added).

As Indiana's model jury instructions provide, at trial the Spierers will be required to prove that "[Rosenbaum] furnished an alcoholic beverage to [Lauren] when: (1) [Rosenbaum] knew that [Lauren] was visibly intoxicated when [Rosenbaum] furnished the alcoholic beverage, and (2) [Lauren]'s intoxication was *a responsible cause* of [Lauren]'s death/injury/damage." 1-900 Indiana Model Civil Jury Instructions 959 (emphasis added). That question will properly be resolved by the jury, and is not appropriate for resolution as a matter of law at this stage. Any comparative fault will not bar recovery and apportionment of fault is a question for the jury to decide. *Gray v. D&G, Inc*., 938 N.E.2d 256, 261 n. 5 (Ind. Ct. App. 2010) (reversing grant of summary judgment in favor of defendant as error where genuine issues of material fact existed concerning whether injuries were proximately caused by intoxication).

And a jury properly could conclude that Rosenbaum serving Lauren alcohol while she was in a visibly intoxicated state, to the point that he became concerned about her well-being and attempted to contact others to help her, only to reportedly allow her to walk away, alone, after 4:30 a.m., was a proximate cause of Lauren's disappearance and presumed death. *BCS Servs*., 637 F.2d at 758 ("The causal relation between a defendant's act and a plaintiff's injury, like that required to establish standing under Article III of the Constitution, need only be *probable*.") (emphasis added).

Further, while Rosenbaum puts much emphasis on the Spierers' characterization of Lauren's death as presumed, this Court properly recognized that the Spierers will be entitled to establish through circumstantial evidence that Lauren is deceased, which also is a question to be decided by the jury. [Doc. 37].

Under the dram shop act, "[Rosenbaum] owed [Lauren] a duty, and questions of fact remain on all the remaining issues." *Everton*, 655 N.E.2d at 367. "Once a plaintiff presents evidence that he suffered the sort of injury that would be the expected consequence of the defendant's wrongful conduct, he has done enough to withstand summary judgment on the ground of absence of causation." *BCS Servs.*, 637 F.3d at 758 (reversing district court's grant of summary judgment to defendant). Accordingly, Rosenbaum's Motion for Summary Judgment should be denied.

**IV.   Conclusion.**

For the foregoing reasons, Rosenbaum's Motion for Summary Judgment should be denied.

Respectfully submitted,

/s/ Jeanine Kerridge
Jason Ross Barclay
Jeanine R. Kerridge
Larry A. Mackey
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
(317) 231-7236
Fax: (317) 231-7433

*Attorneys for Plaintiffs Robert Evan Spierer and Mary Charlene Spierer*

12

## CERTIFICATE OF SERVICE

      The undersigned certifies that this document was electronically filed with the Court and was served on all counsel of record by the Court's electronic filing service this 24th day of March, 2014.

      /s/ Jeanine Kerridge

INDS02 JKERRIDGE 1313187v1