UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT EVAN SPIERER,<br>MARY CHARLENE SPIERER,<br><br>    Plaintiffs,<br><br>    vs.<br><br>COREY E ROSSMAN,<br>JASON ISAAC ROSENBAUM,<br>MICHAEL B BETH,<br><br>    Defendants. | Case No. 1:13-cv-00991-TWP-TAB |

## ENTRY ON MOTION TO RECONSIDER

This matter is before the Court on Defendant Corey Rossman's ("Mr. Rossman") Motion to Reconsider the Court's Order granting in part and denying in part Mr. Rossman's Motion to Dismiss. (Dkt. 46). On December 23, 2013, the Court denied Mr. Rossman's motion to dismiss Counts Two and Three of Plaintiffs Robert Spierer and Mary Spierer's ("Plaintiffs") Complaint. (Dkt. 37). For the reasons set forth below, Mr. Rossman's motion to reconsider is **DENIED**.

The facts of this case are set forth in detail in the Court's Entry on the Motions to Dismiss (Dkt. 37) and need not be recounted in this Entry. Mr. Rossman asks the Court to reconsider its ruling denying the motion to dismiss the claims of negligence *per se* and claims under the Indiana Dram Shop Act, arguing that Plaintiffs did not adequately plead facts in their Complaint to support their proximate cause allegations. Plaintiffs argue that Mr. Rossman has not shown the requisite basis for the Court to reconsider its prior order under Federal Rule of Civil Procedure 54(b).

"Motions to reconsider serve a limited function, to be used 'where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Davis v. Carmel Clay Sch.*, 286 F.R.D. 411, 412 (S.D. Ind. 2012) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)) (additional quotations omitted). A court may grant a motion to reconsider where a movant demonstrates a manifest error of law or fact; however, a motion to reconsider is not an occasion to make new arguments. *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996); *Granite St. Ins. Co. v. Degerlia*, 925 F.2d 189, 192 n.7 (7th Cir. 1991). A motion to reconsider may also be appropriate where there has been "a controlling or significant change in the law or facts since the submission of the issue to the Court." *Bank of Waunakee*, 906 F.2d at 1191 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Motions for reconsideration in the district courts are generally disfavored because "a re-do of a matter that has already received the court's attention is seldom a productive use of taxpayer resources because it places all other matters on hold." *Burton v. McCormick*, No. 3:11-CV-026, 2011 WL 1792849, at *1 (N.D. Ind. May 11, 2011) (quoting *United States v. Menominee Tribal Enters.*, No. 07-C-317, 2009 WL 1373952, at *1 (E.D. Wis. May 15, 2009)).

Mr. Rossman essentially argues that the Court has made an error of reasoning, not one of apprehension, and thus has not provided a sufficient basis for the Court to reconsider its Entry on the Motion to Dismiss. He argues that the Court erred in its determination that the Plaintiffs' Complaint is sufficient to withstand a motion to dismiss, and makes the same arguments made in his original motion. He has not pointed to a change in the law since the Court ruled on the motion, nor has he alleged that the Court made a decision outside the key issues before it or that

it made an error in apprehension. *See Davis*, 286 F.R.D. at 412. Rather, Mr. Rossman states that the present motion "attempts to ensure the Court's understanding of Rossman's argument as to proximate cause with respect to the Dram Shop claims." Dkt. 58 at 4. The Court fully took into consideration Mr. Rossman's arguments regarding proximate cause made in both his brief and at oral argument on the motion to dismiss, and concluded, after careful consideration, that dismissal was not warranted at this stage of the litigation.

Mr. Rossman also argues that the "legal landscape" was changed by the Court's ruling itself, thus the changed posture of the case justifies reconsideration. He asserts that, in his original motion, he only made arguments of a general nature regarding Plaintiffs' alleged failure to adequately plead proximate cause because he was facing potential liability under both the Dram Shop Act and common law negligence. Dkt. 58 at 3. This is not a sufficient reason for the Court to reconsider its prior order. As the Seventh Circuit has clearly stated, "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

Because Mr. Rossman has not provided a legitimate basis upon which the Court should reconsider its prior order under Rule 54(b), the Motion to Reconsider (Dkt. 46) is **DENIED**.

SO ORDERED.

Date: 04/03/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

3

Distribution:

Jason Ross Barclay
BARNES & THORNBURG LLP
jason.barclay@btlaw.com

Jeanine R. Kerridge
BARNES & THORNBURG LLP
jeanine.kerridge@btlaw.com

Larry A. Mackey
BARNES & THORNBURG LLP
larry.mackey@btlaw.com

John Carl Trimble
LEWIS WAGNER LLP
jtrimble@lewiswagner.com

Stephanie Lynn Cassman
LEWIS WAGNER LLP
scassman@lewiswagner.com

Theresa Renee Parish
LEWIS WAGNER LLP
tparish@lewiswagner.com

Robert M. Baker, IV
LEWIS WAGNER LLP
rbaker@lewiswagner.com

Carl Arthur Salzmann
SALZMANN LAW
salzmannlaw@ymail.com

Dane Andrew Mize
SKILES DETRUDE
dmize@skilesdetrude.com

Richard Robert Skiles
SKILES DETRUDE
rskiles@skilesdetrude.com