UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT EVAN SPIERER and, ) | |
| MARY CHARLENE SPIERER, ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | CAUSE NO. 1:13-cv-991-TWP-TAB |
| ) | |
| COREY E. ROSSMAN, and ) | |
| JASON ISAAC ROSENBAUM, ) | |
|     Defendants. ) | |

## DEFENDANT JASON ISAAC ROSENBAUM'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Plaintiffs' Opposition to Rosenbaum's Motion for Summary Judgment demonstrates why judgment on their remaining Dram Shop claim is warranted. Plaintiffs have failed to meet their burden in opposing the Motion by presenting evidence that a disputed issue of material fact exists or by complying with Rule 56(d), which requires Plaintiffs to identify the discovery they intend to conduct and the facts material to proximate cause they hope to uncover. The reason for this is simple – Plaintiffs have no evidence to support their claim of causation.

Faced with this dilemma, Plaintiffs argue instead that the Motion should be denied because Rosenbaum has not designated evidence "outside the pleadings" showing there is no genuine dispute as to the facts material to the question of proximate cause. Plaintiffs' argument fundamentally misunderstands the parties' respective burdens. Rosenbaum need only show an absence of evidence in Plaintiffs' case. Rosenbaum has done this by demonstrating there is no evidence that Lauren Spierer's intoxication caused her presumed injuries or death. Plaintiffs must now come forward with specific evidence connecting Lauren Spierer's intoxication to an injury she allegedly sustained. They have not done that; and, absent some evidence as to what happened to their daughter (and Plaintiffs have designated none), Plaintiffs' Dram Shop case rests solely on speculation, and summary judgment should be entered on this threshold issue.

Plaintiffs should not be permitted to misuse this Dram Shop action and the purpose of discovery by use of broad-based federal subpoena power as a means to conduct a fishing expedition to investigate the disappearance of their daughter.

**1. Plaintiffs have failed to comply with Fed. R. Civ. P. 56(d)**

Plaintiffs erroneously claim summary judgment is "premature" because discovery has just commenced. *See* Doc. 71, p. 3. Federal Rule 56 does not require that any discovery take place before summary judgment can be granted; if a party cannot adequately defend such a motion, Rule 56(d) is the remedy. *Waterloo Furniture Components v. Haworth*, 467 F.3d 641, 648 (7th Cir. Ill. 2006) ("In fact, this Court has noted that 'the fact that discovery is not complete – indeed has not begun – need not defeat [a motion for summary judgment].'") (quoting *American Nurses' Ass'n v. Illinois*, 783 F.2d 716, 729 (7th Cir. 1986)); Fed. R. Civ. P. 56(c) (permitting a party to "file a motion for summary judgment at any time until 30 days after the close of discovery)."[1]

However, "Rule 56(d) is not meant to allow a party to block summary judgment simply by offering generalities about the need for further discovery." *Iqbal v. Patel*, 2012 U.S. Dist. LEXIS 176586, *3 (N.D. Ind. Dec. 13, 2012) (citing *Woods v. City of Chicago*, 234 F.3d 979, 990-991 (7th Cir. 2001)). Plaintiffs must show "the specific discovery that is necessary to prepare a response to the motion for summary judgment" and "that the additional discovery will give rise to a genuine issue of material fact." *Id.* (citing *Bernegger v. Gray & Assocs. LLP*, 2009 U.S. Dist. LEXIS 89207, *3 (E.D. Wis. Sept. 24, 2009)). That is, in order to succeed on a Rule 56(d) motion, Plaintiffs "must identify the specific evidence which would create a genuine issue

---

[1] The Court's Case Management Plan requires that summary judgment motions be filed by September 22, 2014. *See* Doc. 50.

2

of fact." *Id.* (citing *American Needle, Inc. v. National Football League*, 538 F.3d 736, 740 (7th Cir. 2008) (overturned on other grounds).

Plaintiffs' 56(d) request is woefully inadequate. Plaintiffs have failed to identify any "specific discovery that is necessary to prepare a response to the motion for summary judgment." Counsel's affidavit could not be more nebulous: "The Spierers reasonably require discovery, including Interrogatories, Requests for Production of Documents and Requests for Admissions to Defendants, depositions, nonparty and expert discovery to identify evidence supporting their claims." *See* Doc. 71-1, ¶ 17. Plaintiffs also fail to identify what evidence they hope to uncover from this unspecified discovery and why that evidence would create a genuine issue of fact on the issue of proximate cause. *Id.* Courts have repeatedly rejected substantially more specific Rule 56(d) requests for failure to show why the discovery sought would reveal evidence essential to the party's opposition. *See Synder v. Livingston*, 2011 WL 6100335 (N.D. Ind. 2011) (denying counsel's Rule 56(d) motion on the grounds that while counsel stated she wanted to perform both written discovery and at least one deposition, she did not elaborate as to the type of written discovery, what evidence she hoped to learn, or which witness she wanted to depose); *Tatum v. City and County of San Francisco*, 441 F.3d 1090 (9th Cir. 2006). Because Plaintiffs have failed to comply with Rule 56(d), the Court should rule on Rosenbaum's Motion.

### 2. Plaintiffs cannot create a question of fact by changing their factual allegations.

Next, Plaintiffs argue summary judgment should be denied because there is a genuine dispute as to whether Defendant Rosenbaum allowed Lauren Spierer to leave his residence on her own the morning she disappeared as previously stated in their Complaint in this case and repeated and argued to adjudication during the Motion to Dismiss phase of this litigation. *See*

Doc. 71, p. 3. Plaintiffs' argument should be rejected because they cannot create a question of fact by calling into doubt their own judicial admissions.

It is well settled that "a party is bound by what it states in its pleadings," and "a party can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts." *Soo Line R.R. v. St. Louis S.W. Ry.*, 125 F.3d 481, 483 (7th Cir. 1997) (granting summary judgment based upon the allegations in complaint). Plaintiffs have unquestionably alleged that Rosenbaum "abandoned" Lauren Spierer by allowing her to leave his residence.[2] They cannot now manufacture a genuine factual dispute now by claiming their own allegations may not be true. *McDaniel v. Eaglecare, Inc*., 2002 U.S. Dist. LEXIS 7077, *25-26 (S.D. Ind. Mar. 8, 2002) (a party cannot create a sham question of fact through its own contradictory statements). As discussed below, Rosenbaum's citation to Plaintiffs' allegations demonstrate an absence of evidence in support of Plaintiffs' Dram Shop case, and Plaintiffs cannot avoid their lack of evidence by attempting to question their own allegations. Plaintiffs cannot now attempt to proffer a new set of facts in order to defeat summary judgment now that they have the insight of this Court's Order dismissing their negligence under those stated facts.

---

[2] Plaintiffs now claim their allegations of abandonment were "qualified." This is not true. Plaintiffs in no uncertain terms have alleged that Rosenbaum abandoned Lauren Spierer. *See* Doc. 1 (Complaint), ¶ 38 ("Spierer's abandonment in an intoxicated and disoriented state in the early morning hours of June 3, 2011 in an area known for criminal acts contributed to her disappearance, and presumed injuries and death."). Additionally, in opposing Rosenbaum's Motion to Dismiss, Plaintiffs argued Rosenbaum breached a duty owed to Lauren Spierer when he "abandoned Lauren alone in an intoxicated and disoriented state in the early morning hours of June 3, 2011 in an area known for criminal acts." Doc. 27, pp. 20-21 (citing Doc. 1 (Complaint), ¶ 38). Even at oral argument, counsel argued that it was a "fact" that Rosenbaum allowed her to leave his apartment:

> Here we've pleaded facts against each defendant that could support a finding of this duty.
> ***
> As to Defendant Rosenbaum, we alleged that Ms. Spierer was in that same disoriented and incapacitated state. At his apartment, he made efforts such as attempting to contact friends, but ultimately failed to discharge that duty, and she left and has not been seen again.

Now that this theory of liability has been rejected, Doc. 37, Plaintiffs contend – contrary to their own allegations – that there is a genuine issue as to whether Lauren Spierer, in fact, left Rosenbaum's residence. Doc. 71, p. 3-4. Plaintiffs cannot question their own admission to create a factual dispute.

### 3. Rosenbaum has no duty to designate materials outside the pleadings.

Because Plaintiffs failed to designate evidence material to the issue of proximate cause, they claim Rosenbaum's Motion is actually a motion for judgment on the pleadings, which should be denied under standard of Fed. R. Civ. P. 12(b)(6). This argument is without merit. A party moving for summary judgment is "not obligated to present evidence negating the plaintiffs' claims, but may simply point out the absence of evidence supporting the claim." *Thompson v. Evansville Vanderburgh County Bldg. Auth.*, 2008 U.S. Dist. LEXIS 72445, * 20 n.5 (S.D. Ind. Sept. 23, 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986)); *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013) ("The movant's initial burden 'may be discharged by 'showing' — that is, point out to the district court — that there is an absence of evidence to support the nonmoving party's case.'") (quoting *Celotex* 477 U.S. at 325).[3]

Furthermore, Rosenbaum has properly supported his factual position by "citing to particular parts of materials in the record, including…admissions…or other materials." As discussed above, a party's allegations are admissions, and it is well established that pleadings are "materials in the record." "Summary judgment is appropriate when ***the pleadings, depositions, and other materials in the record*** show that there is no disputed material fact and that the moving party is entitled to judgment as a matter of law." *Schneiker v. Fortis Ins. Co.*, 200 F.3d 1055, 1057 (7th Cir. Wis. 2000) (emphasis added).

### 4. Proximate cause is a threshold issue that is properly resolved at this stage.

Finally, Plaintiffs attempt to mask their lack of evidence under the familiar mantra – "proximate cause is fact specific inquiry." *See* Doc. 71, pp. 8-12. While that may often be the

---

[3] In fact, this exact argument has been rejected by the Northern District of Indiana, which held that "extrinsic evidence does not have to accompany every motion for summary judgment"; rather a "moving party can point to a shortcoming in the opposing side's case." *Lopez v. Pastrick*, 2011 U.S. Dist. LEXIS 18396, * 3-4 (N.D. Ind. Feb. 23, 2011) (rejecting argument that "the defendant's motion for summary judgment is in actuality a Rule 12(b)(6) motion to dismiss because the defendant did not provide any extrinsic evidence in support").

case where a party has designated evidence from which a reasonable *probability* can be inferred, summary judgment is appropriate here because the purported causal connection is based upon speculation and conjecture.

Courts can (and should) grant summary judgment on the issue of proximate cause where, as is the case here, the undisputed evidence shows only a mere *possibility* that the injury would not have occurred but for a defendant's act or omission. *Houston v. Hyatt Regency Indianapolis*, 2014 U.S. Dist. LEXIS 13463, 2014 WL 414127 (S.D. Ind. Feb. 3, 2014) (granting summary judgment on the proximate cause); *Hayden v. Paragon Steakhouse*, 731 N.E.2d 456, (Ind. Ct. App. 2000) (affirming summary judgment on proximate cause); *Midwest Commerce Banking Co. v. Livings*, 608 N.E.2d 1010 (Ind. Ct. App. 1993); *Shaner v. Tucson Airport Authority, Inc. Shaner v. Tucson Airport Auth.,* 573 P.2d 518 (Ariz. Ct. App. 1977).

*Hyatt Regency* involved similar circumstances, and Judge Lawrence's reasoning is instructive. In *Hyatt Regency*, a hotel guest was struck by an unknown assailant. 2014 U.S. Dist. LEXIS 13463, *7. The guest sued the hotel, arguing that the hotel's failure to control its other guests during a New Year's Eve party caused her injuries. *Id.* at *15. Summary judgment was entered on her claim because the plaintiff did not know who attacked her or why. She could only point to the ***possible*** scenarios as to what caused her injuries and, thus, could only speculate that it was the conduct of the hotel that caused her injuries. *Id.* at 21-22. For example, the plaintiff argued the hotel caused her injuries because it allowed guests to become too intoxicated. *Id.* at *19. But, as Judge Lawrence noted, that fact could not establish a causal connection because the unknown assailant's motives were unknown and whether his or her intoxication played a role was pure speculation. *Id.* at 21-22.

Likewise, in *Shaner v. Tucson Airport Authority, Inc.,* Leesa Shaner was abducted from a parking lot at the Tucson airport and murdered. There was no evidence as to who attacked her or the circumstances of the attack. Following opening statements, the trial court granted a directed verdict on the issue of proximate cause. On appeal, the Arizona Appellate Court[4] affirmed:

> We believe appellant's evidence shows at most, a possibility that the inadequate lighting and security was a substantial factor in bringing about Leesa's abduction, but does not rise to the level of a reasonable probability. Since there is no evidence of what happened in the parking lot, the jury would be left to sheer speculation on the issue of causation. To hold otherwise in this case would make appellees insurers of the safety of Leesa which would be an impermissible imposition of liability.

117 Ariz. at 448. This Court has already found that Defendants were not the insurers of Lauren Spierer's safety on the night she disappeared. *See* Doc. 37 ("To do so would potentially expose any social host living in an area in which criminal acts – unrelated to the landowner's or possessor's activities – have occurred to possible liability if guests are injured by the criminal act of a third party after leaving their property.").

Plaintiffs' theory of proximate cause suffers from the same shortcomings as there is no evidence from which a jury could reasonably find a causal connection between Lauren Spierer's intoxication and her possible injury or death.[5] In fact, Plaintiffs' theory of proximate cause is even more tenuous because there is no evidence as to what happened to her, so it would be conjecture for the jury to find that her intoxication played a part in her presumed injuries (which too are unknown at this time). Even if there was some evidence that, for example, she was physically attacked, without knowing the circumstances of the attack, who attacked her or why, it would be impossible for the jury to determine that her intoxication played a causal role in that attack.

---

[4] The standard for proximate cause under Arizona law, like Indiana, has two aspects: causation in fact and the scope of liability. *See Tellez v. Saban*, 933 P.2d 1233 (Ariz. 1996).

[5] While Rosenbaum adamantly disputes that he served Lauren Spierers alcohol, for purpose of this Motion, this issue need not be resolved to address the question of proximate cause.

Judge Pratt recognized this problem in dismissing Plaintiffs' theory that Rossman and Rosenbaum owed Lauren Spierer a common law duty to protect against foreseeable criminal acts beyond their respective apartments:

> [T]he Spierers have admitted in their Complaint and in oral argument, that they do not know what, if any, criminal act may have been perpetrated against Lauren. So, it is impossible for the Court to determine whether this unknown act was similar to the alleged criminal acts in the area such that it was foreseeable, thus satisfying one of the elements of finding that a duty of care existed.

Doc. 37, p. 16.   Likewise, it would be impossible for a jury to determine that something happened to Lauren Spierer – whether by her action or the action of others – because she was intoxicated. Unfortunately, everyday people are the victims of criminal acts – some are sober and some are intoxicated. But, without any evidence as to what happened in this case, a jury would be speculating that her intoxication was the proximate cause of some unknown injury. This is exactly the type of claim that courts have granted summary judgment.

Furthermore, Plaintiffs' proximate cause cases do not support their position. Plaintiffs rely heavily upon *National R.R. Passenger Corp. v. Everton*, 655 N.E.2d 360, 1995 Ind. App. LEXIS 1041 (Ind. Ct. App. 1995). But the *Everton* opinion is irrelevant to whether Plaintiffs have submitted sufficient evidence for a jury to find a causal connection between Lauren Spierer's alleged intoxication and the infinite number of possible scenarios that may have taken place after she left Rosenbaum's residence. The issue in *Everton* was whether the plaintiffs had sufficiently *alleged* proximate cause to survive a motion to dismiss. *Id.* at 365-66.   Unlike the plaintiffs in *Everton*, Plaintiffs can no longer rely on their pleadings and conclusory allegations; they must come forth with credible evidence that could establish their case. They have not done so.

*Gray v. D&G, Inc.* is even less helpful to Plaintiffs' argument. Contrary to Plaintiffs' description in the parenthetical of their citation to *Gray*, the Court of Appeals in *Gray* most certainly did ***not*** reverse the entry of summary judgment on genuine issues of fact relating to proximate cause. Doc. 71, p. 11. The issue in *Gray* was whether the trial court erred in granting summary judgment "because it concluded that Gray should not be able to recover because he was voluntarily intoxicated, citing the public policy concerns." 938 N.E.2d at 260. The question of proximate cause was not appealed or discussed in the opinion.

The final case cited by Plaintiffs – *BCS Servs. v. Heartwood 88, LLC* – is also inapposite to whether there is sufficient evidence for a jury to find proximate cause under Indiana law. *BCS* addressed whether certain RICO violations had caused plaintiffs' injuries. *See* 637 F.3d 750, 758 (7th Cir. 2011). The case involved a claim by a group of property tax lien purchasers who argued defendants had fraudulently rigged an auction conducted by the Cook County Treasurer's Office. On appeal, the court found the plaintiffs had met the standard for causation under RICO, which required the injured parties to show they "suffered the sort of injury that would be the expected consequence of the defendant's wrongful conduct." *Id.*

This is not the standard for proximate cause under Indiana law. Under Indiana law, proximate cause has two components – causation in fact and the scope of liability. *Page v. Speedway Superamerica LLC*, 2007 U.S. Dist. LEXIS 28519, *8 (N.D. Ind. Apr. 16, 2007) (citations omitted). "If the injury would not have occurred but for the defendant's act or omission, there is causation in fact." *Id.* "The second inquiry deals with whether the injury is a natural and probable consequence that under the circumstances should have been foreseen or anticipated." *Id.*

There is no evidence that intoxication was the "cause in fact" for Lauren Spierer's injuries – indeed, no one knows what her injuries were, let alone what caused them. But, even if foreseeability were the only requirement for proximate cause, this case is distinguishable from *BCS* because it cannot be said that Lauren Spierer's disappearance was a foreseeable consequence of allowing her to leave intoxicated where it is unknown what happened to her. Indeed, "[f]oreseeability in the context of proximate cause involves evaluating the particular circumstances of an incident after the incident occurs." *Id.* Here, there is no evidence of the "particular circumstances" of any incident, so a jury cannot look at the incident with hindsight and say whether it was foreseeable. As Judge Pratt noted, without any information as to what happened to Lauren Spierer, this would be "impossible." Doc. 37, p. 16.

## CONCLUSION

For the above reasons, Rosenbaum respectfully requests that the Court enter summary judgment on Plaintiffs' Complaint where the undisputed evidence demonstrates there are no genuine issues of material fact to preclude judgment as a matter of law in favor of Rosenbaum.

Respectfully submitted,

**LEWIS WAGNER, LLP**

By:     s\John C. Trimble
      JOHN C. TRIMBLE, #1791-49
      STEPHANIE L. CASSMAN, #22206-49
      ROBERT M. BAKER IV, #25471-49
      THERESA R. PARISH, #27996-49
      Counsel for Defendant Jason Isaac
      Rosenbaum

CERTIFICATE OF SERVICE

   This is to certify that I have served a copy of the foregoing upon all counsel of record, as follows, via the Court's electronic filing system, this 9th day of April, 2014:

| | |
|---|---|
| Larry A. Mackey<br>Jason R. Barclay<br>Jeanine Kerridge<br>BARNES & THORNBURG LLP<br>mackey@btlaw.com<br>jason.barclay@btlaw.com<br>jeanine.kerridge@btlaw.com | Dane A. Mize<br>Richard Robert Skiles<br>SKILES DETRUDE<br>dmize@skilesdetrude.com<br>rskiles@skilesdetrude.com |
| Carl Arthur Salzmann<br>salzmannlaw@ymail.com | |

                s\John C. Trimble
                JOHN C. TRIMBLE

LEWIS WAGNER, LLP
501 Indiana Avenue, Suite 200
Indianapolis, IN  46202-6150
Telephone: (317) 237-0500
Facsimile: (317) 630-2790
jtrimble@lewiswagner.com
scassman@lewiswagner.com
rbaker@lewiswagner.com
tparish@lewiswagner.com