UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| ROBERT EVAN SPIERER and | ) |
| MARY CHARLENE SPIERER, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) No. 1:13-cv-991-TWP-TAB |
| | ) |
| COREY E ROSSMAN and | ) |
| JASON ISAAC ROSENBAUM, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTION TO BIFURCATE
AND RELATED DISCOVERY ISSUES**

Whether and to what extent to permit discovery is before the Court anew. When last addressing this issue on January 31, 2014, the Court held "the time to proceed with discovery is at hand." [Filing No. 52, at ECF p. 2.] The Court then lifted a previously issued stay of discovery. The Court observed in that January 31 discovery order that summary judgment motions were anticipated, but stated, "As for today, discovery may proceed." [Filing No. 52, at ECF p. 2.]

The landscape of this case has changed significantly since the Court issued that order. These changes were highlighted during a May 5, 2014, telephonic status conference. During that conference, Defendant Jason Rosenbaum renewed his request to limit discovery in light of these recent changes. Rosenbaum's request relates to his February 20, 2014, motion to bifurcate and limit discovery to the issue of proximate cause. Rosenbaum's motion to bifurcate, as well as the argument the Court heard during the May 5 conference, specifically teed up the discovery issue for a fresh look. Rosenbaum and co-Defendant Corey Rossman also have filed motions to quash

1

non-party subpoenas. [Filing No. 74; Filing No. 76.] Briefing on these motions is now complete.

These discovery developments are significant. But the most significant change to take place since the Court issued its January 31 order permitting discovery is that on February 20, 2014, Rosenbaum filed a motion for summary judgment. [Filing No. 61.] That motion seeks dismissal of the two remaining claims in the case—negligence *per se* and dram shop liability. Plaintiffs ordinarily would be entitled to discovery in an effort to stave off a summary judgment motion. When a motion for summary judgment is served early in a case as occurred here, the need for some discovery is to be expected. Indeed, Fed. R. Civ. P. 56(d) expressly contemplates this situation.

That rule provides:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
(1) defer considering the motion or deny it;
(2) allow time to obtain affidavits or declarations or to take discovery; or
(3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

Interestingly, the Spierers responded to Rosenbaum's summary judgment motion rather than requesting additional time to conduct discovery. The Spierers' counsel did file a declaration, purportedly under Rule 56(d), but the declaration fails to explain why discovery is needed or what specifically would be sought through discovery. Rather, the relevant portion of the declaration merely states, "The Spierers reasonably require discovery, including Interrogatories, Requests for Production of Documents and Requests for Admission to Defendants, depositions, nonparty and expert discovery to identify evidence supporting their

claims. [Filing No. 71-1, at ECF ¶ 17.] The remainder of the declaration is largely a recitation of this case's procedural history.

This declaration leaves unanswered the fundamental question: what *specifically* do the Spierers need? As a result, the declaration is deficient. See [Buquer v. City of Indianapolis, No. 1:11-cv-708-SEB-MJD, 2012 WL 829666, at *2 (S.D. Ind. 2012)](#) ("The nonmoving party's Rule 56(d) affidavit should provide: (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to create a genuine issue of material fact; (3) what efforts the affiant has made to obtain those facts; and (4) why these efforts were unsuccessful.").

Moreover, the Spierers responded to Rosenbaum's summary judgment motion. [Filing No. 71.] If the Spierers really needed discovery, they should have filed a Rule 56(d) motion to conduct such discovery and to enlarge the deadline to respond to Rosenbaum's summary judgment motion. The advisory committee notes to the rule specifically state, "A party who seeks relief under subdivision (d) may seek an order deferring the time to respond to the summary judgment motion." Fed. R. Civ. P. 56(d) advisory committee's note (2010). The Spierers' summary judgment response is even more curious given that, in briefing the motion to bifurcate: (1) Rosenbaum specifically stated he was not trying to prevent the Spierers from obtaining discovery to respond to his summary judgment motion [Filing No. 67, at ECF p. 3]; and (2) the Spierers expressly recognized that discovery would be needed to respond to Rosenbaum's motion for summary judgment. [Filing No. 66, at ECF p. 9.]

Now, however, Rosenbaum has filed his reply brief and thus his summary judgment motion is fully briefed. [Filing No. 73.] The Spierers argue in their summary judgment response that Rosenbaum "has designated no evidence in support of his Motion for Summary Judgment beyond the allegations of the Spierer's Complaint." [Filing No. 61, at ECF p. 6.] This argument

3

misses the mark. The burden at summary judgment rests upon the nonmoving party to submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial. *Hakim v. Accenture United States Pension*, 718 F.3d 675, 681 (7th Cir. 2013).

The point here is not to resolve the summary judgment motion. That motion is for the district judge, who in denying a motion to dismiss the surviving claims stated that whether these claims "can survive summary judgment is a matter for another day." [Filing No. 37, at ECF p. 23.] But the motion to bifurcate and related discovery issues fall squarely before the undersigned. In considering these issues, it is relevant and appropriate to consider the seemingly precarious posture of the Spierers' remaining claims.

In light of the foregoing developments, particularly the fully briefed summary judgment motion, the Court is hard-pressed to see why discovery should not be halted. Perhaps there is some reason. For example, Rossman has not filed a motion for summary judgment, so he runs the risk that the claims against him could remain even if those against Rosenbaum are dismissed on summary judgment. In addition, perhaps there are other reasons for allowing discovery— such as preserving evidence—that might justify some limited discovery despite the pending summary judgment motion. For now, the Court grants the motion to bifurcate [Filing No. 60] and stays further discovery pending a discovery hearing, at which time the motions to quash will be addressed along with any remaining discovery issues. **This matter is set for a hearing at 2 p.m. on May 28, 2014, in Room 238, U.S. Courthouse, 46 E. Ohio Street, Indianapolis, Indiana**. All parties shall participate by counsel.

Date: 5/19/2014

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Jason Ross Barclay
BARNES & THORNBURG LLP
jason.barclay@btlaw.com

Jeanine R. Kerridge
BARNES & THORNBURG LLP
jeanine.kerridge@btlaw.com

Larry A. Mackey
BARNES & THORNBURG LLP
larry.mackey@btlaw.com

James Gregory Garrison
GARRISON LAW FIRM
greg@garrisonlegal.com

Joshua N. Taylor
GARRISON LAW FIRM LLC
josh@garrisonlegal.com

John Carl Trimble
LEWIS WAGNER LLP
jtrimble@lewiswagner.com

Stephanie Lynn Cassman
LEWIS WAGNER LLP
scassman@lewiswagner.com

Theresa Renee Parish
LEWIS WAGNER LLP
tparish@lewiswagner.com

Robert M. Baker, IV
LEWIS WAGNER LLP
rbaker@lewiswagner.com

Carl Arthur Salzmann
SALZMANN LAW
salzmannlaw@ymail.com

Dane Andrew Mize
SKILES DETRUDE
dmize@skilesdetrude.com

Richard Robert Skiles
SKILES DETRUDE
rskiles@skilesdetrude.com