# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT EVAN SPIERER and<br>MARY CHARLENE SPIERER,<br><br>    Plaintiffs,<br><br>v.<br><br>COREY E. ROSSMAN and JASON ISAAC<br>ROSENBAUM,<br><br>    Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Cause No. 1:13-cv-00991-TWP-TAB <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### RULE 56(D) AFFIDAVIT OF JASON R. BARCLAY

I, Jason R. Barclay, having personal knowledge of the following facts, do hereby state and affirm under the penalties for perjury as follows:

1. I am a partner at the Barnes & Thornburg LLP law firm, and I am one of the attorneys representing Robert and Charlene Spierer in this lawsuit.

2. This Affidavit is submitted in support of the Spierers's request to deny Defendant Rossman's motion for summary judgment, or in the alternative, to grant additional time for discovery pursuant to Federal Rule of Civil Procedure 56(d).

3. On February 20, 2014 when Rosenbaum filed his motion for summary judgment, which Rossman joined, no discovery of any kind had been conducted in this case.

4. On March 28, 2014, the Spierers served Plaintiffs' First Interrogatories, Requests for Production, and Requests for Admission on Defendants' Rossman and Rosenbaum.

5. On April 28, 2014, Defendant Rossman responded to that discovery; Defendant Rosenbaum has not yet responded to the discovery and was granted an extension to respond by the Magistrate.

6. On March 28, 2014, the Spierers served non-party requests for production on E.R. Lewis & Company, Curry Real Estate, AT&T, Verizon, Smallwood Apartments, the Law Office of Carl Salzmann, Kilroy's Sports Bar, and Indiana University. The Spierers requested documents and tangible evidence, such as photographs or video footage, from each in order to identify possible witnesses to the events of June 2 and June 3, 2011, including, but not limited to the amount and type of alcohol consumed by Lauren Elizabeth Spierer, the time when the alcohol was consumed, the person or persons who provided Spierer with alcohol, the effect of Spierer's intoxication on her ability to function physically and mentally, the actions of the Defendants that prevented Spierer from safely returning to her apartment, and communications or conversations about any of these topics. Both Defendants moved to quash these subpoenas and that motion is currently pending.

7. On April 18, 2014, the Spierers served deposition notices on the following individuals for depositions scheduled from June 2 – June 6, 2014 :  Amanda Roude, Aaron Greenberg, Adam Weiner, Hadar Tamir, David Rohn, Michael Beth, Jesse Wolff, and Zachary Rifkin. The topics to be addressed at these depositions, include, but are not limited to, communications by the Defendants about or with Lauren Elizabeth Spierer, the amount and type of alcohol consumed by Lauren Elizabeth Spierer, the time when the alcohol was consumed, the person or persons who provided Spierer with alcohol, the effect of Spierer's intoxication on her ability to function physically and mentally, the actions of the Defendants that prevented Spierer

from safely returning to her apartment, and communications or conversations about any of these topics.

8. Attorneys for the parties have been in discussions about scheduling the depositions of the Defendants. Those have not been officially scheduled as of the time of this affidavit.

9. On May 19, 2014, the Magistrate entered an order staying discovery. No additional discovery is being taken at this time. The depositions scheduled from June 2 through June 6, 2014 appear to be in jeopardy. No depositions of any kind have been taken in this matter.

10. On May 21, 2014, Dr. Harry B. Plotnik, an expert toxicologist retained by Barnes & Thornburg LLP in this matter, drafted an affidavit attached hereto as Exhibit 1.

11. As Dr. Plotnik indicates, he is an expert, who is able to offer opinion testimony on the causation element of the Plaintiffs' claims.

12. His expertise includes, "the prediction of the levels of alcohol in blood and breath after the ingestion of alcoholic beverages." See Ex. 1, ¶3.

13. In this matter, he has observed video footage of Lauren Elizabeth Spierer from the early morning hours of June 3, 2011 and is able to testify that at that time, while she was with Rossman, she exhibited signs of severe intoxication. See Ex. 1, ¶¶6-7.

14. In order to offer testimony about Ms. Spierer's likely blood alcohol level, he needs to review "additional evidence, deposition testimony, and/or witness statements about the amounts, types, and times of her alcohol and chemical ingestion in the hours prior to that footage." See Ex. 1, ¶8.

15. With that information, Dr. Plotnik may be able to offer opinion testimony that Spierer's intoxication "seriously diminish[ed] her physical and mental capacity" and "prevent[ed] her from walking under her own power several blocks, resisting an attacker, or seeking law enforcement or medical help on her own."

16. The Spierers cannot obtain the information Dr. Plotnik needs to offer his testimony without the discovery described above, which is currently prohibited by the Magistrate's stay.

17. Dr. Plotnik's testimony would be needed to effectively respond to a properly-filed motion for summary judgment on the issue of causation.

18. By denying the Defendants' motions and lifting the Magistrate's stay, the Parties can proceed with discovery as the case management plan originally envisioned.

19. This affidavit is not intended to document all discovery that may be necessary in this case or all deponents that may be relevant, but only that discovery that the Spierers envision at the time of the affidavit and only on the issue of causation. Clearly, other factual discovery, especially facts in the possession of the Defendants, could uncover additional evidence related to Ms. Spierer's disappearance on the morning of June 3, 2011, since they were two of the three last known people to see her alive. Those facts would also be relevant to causation.

**FURTHER AFFIANT SAYETH NOT.**

I affirm, under penalties for perjury, that the foregoing representations are true.

Executed on May 22, 2014.

_____
Jason R. Barclay

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was electronically filed with the Court and was served on all counsel of record by the Court's electronic filing service this 23rd day of May, 2014.

/s/ Jason R. Barclay
Jason R. Barclay

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT EVAN SPIERER and<br>MARY CHARLENE SPIERER,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>COREY E. ROSSMAN and JASON ISAAC<br>ROSENBAUM,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>) Cause No. 1:13-cv-00991-TWP-TAB<br>)<br>)<br>)<br>)<br>) |

## AFFIDAVIT OF HARRY B. PLOTNICK

I, Dr. Harry B. Plotnick, having personal knowledge of the following facts, do hereby state and affirm under the penalties for perjury as follows:

1. I have a doctoral degree (Ph.D.) in toxicology from the University of Cincinnati College of Medicine that I received in 1974.

2. I was employed by the National Institute for Occupational Safety and Health (NIOSH) as a toxicologist from 1974 to 1983, where I performed research involving the analysis, distribution, metabolism, and excretion of industrial chemicals.

3. I have provided consulting services in forensic toxicology for over 25 years, including the effects of drugs and alcohol on the human body and the prediction of the levels of alcohol in blood and breath after the ingestion of alcoholic beverages.

4. I have been retained by the Plaintiffs in this matter as an expert on the issue of causation.

5. I have offered opinion testimony in other matters that an individual's intoxication contributed or did not contribute to that person's diminished physical and mental capacity that resulted in their injury and/or death.

6. In this matter, I have been provided and reviewed digital video footage of Lauren Spierer from the early morning hours of June 3, 2011.

7. Based upon my observations and expertise, I can testify, without hesitation, that Ms. Spierer exhibits the signs of severe intoxication by alcohol, depressant drugs, or a combination of alcohol and depressant drugs on that video footage.

8. I cannot, however, offer an opinion about Ms. Spierer's likely blood alcohol level on the morning of June 3, 2011 without reviewing additional evidence, deposition testimony, and/or witness statements about the amounts, types, and times of her alcohol and chemical ingestion in the hours prior to that footage.

9. With that information, I may be able to offer opinion testimony that Ms. Spierer's blood alcohol level would have been sufficiently high to seriously diminish her physical and mental capacity and thereby prevent her from walking under her own power several blocks, resisting an attacker, or seeking law enforcement or medical help on her own.

FURTHER AFFIANT SAYETH NOT.

I affirm, under penalties for perjury, that the foregoing representations are true.

Executed on May 21, 2014.

Dr. Harry B. Plotnick

2

Sworn to and subscribed before me, this \_\_\_31ST\_\_\_ day of May, 2014.

_____Scherry C Benson_____
NOTARY PUBLIC

My Commission Expires:                My County of Residence:
10.19.14

Scherry C. Benson
Notary Public, State of Ohio
My Commission Expires 10-19-2014

3