UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| ROBERT EVAN SPIERER, | ) | |
|---|---|---|
| MARY CHARLENE SPIERER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 1:13-cv-00991-TWP-TAB |
| vs. | ) | |
| | ) | |
| COREY E ROSSMAN, | ) | |
| JASON ISAAC ROSENBAUM, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ENTRY ON OBJECTION TO MAGISTRATE JUDGE'S ORDER

This matter is before the Court on Plaintiffs Robert Evan Spierer and Mary Charlene Spierer's Rule 72(A) Objection to the Magistrate Judge's June 3, 2014 Nondispositive Order. (Filing No. 107). On June 3, 2014, the Magistrate Judge denied the Plaintiffs' Motion for Reconsideration (Filing No. 96), denying Plaintiffs' request to lift the discovery stay imposed on May 19, 2014 (Filing No. 92). Plaintiffs ask the Court to set aside both orders in their entirety. For the reasons set forth below, the Plaintiffs' objections are **OVERRULED**.

### I. BACKGROUND

The facts of this case have been recounted in detail in the Court's previous order on the Motion to Dismiss (Filing No. 37) and need not be recounted here. On May 19, 2014, Magistrate Judge Tim Baker granted Defendant Jason Rosenbaum's Motion to Bifurcate and Limit Discovery to the Issue of Proximate Cause, (Filing No. 60), pending a discovery hearing which was set for May 28, 2014. Plaintiffs then filed a Motion to Reconsider. (Filing No. 96). Following the May 28, 2014 hearing, the Magistrate Judge denied Plaintiffs' motion to reconsider and denied Plaintiffs' request

to lift the stay, finding that because the summary judgment motion had been fully briefed, there was good cause to keep the stay of discovery in place pending the resolution of the "potentially dispositive" motion for summary judgment. [Filing No. 103, at ECF p. 6](). The Magistrate Judge also found that the Court had not improperly shifted the burden at summary judgment to the Plaintiffs. [Filing No. 103, at ECF p. 5]().

## II. LEGAL STANDARD

A district judge may refer a non-dispositive matter to a magistrate judge to decide and hear. Fed. R. Civ. P. 72(a). A party may file objections to a magistrate judge's written order, and the "district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A magistrate judge is given broad discretion in controlling discovery. *Jones v. City of Elkhart*, 737 F.3d 1107, 1116 (7th Cir. 2013).

## III. DISCUSSION

The Plaintiffs argue that both the Magistrate Judge's May 19 and June 3, 2014 orders are clearly erroneous and contrary to law. First, Plaintiffs argue that the Magistrate Judge erred in his conclusions that they should have filed a Rule 56(d) motion to conduct discovery to respond to the Defendants' summary judgment motion; that the burden is on the non-moving party to set forth fact showing that there is a genuine issue for trial; and that Defendants could discharge their burden on summary judgment by asserting that there is an absence of evidence to support the Plaintiffs' case. The Court, for reasons that are addressed in full in its ruling on the Defendants' Motion for Summary Judgment, finds that these statements are not contrary to law, and therefore are not in error.

2

The Plaintiffs' second objection, that there has not been "adequate time" for discovery, is simply a reiteration of their arguments in their opposition to the motion for summary judgment and motion to supplement their response to the motion for summary judgment. This is not so much of an objection to the Magistrate Judge's ruling as it is an argument that the ruling on summary judgment is inappropriate, which is a matter before the District Judge, not the Magistrate Judge. This issue is more fully addressed in the Court's ruling on the motion for summary judgment, and the Court finds there is no error on this issue in the Magistrate Judge's discovery order.

Finally, the Plaintiffs assert that the Defendants have not satisfied the Rule 26(c) standard for a stay of discovery. The Court finds that the Magistrate Judge adequately explained his reasons for granting Rosenbaum's motion to bifurcate and limit discovery to the issue of proximate cause in its May 19, 2014 order. ([Filing No. 60](); [Filing No. 92]()). The Magistrate Judge found that discovery should properly be limited to the issue of proximate cause, but because the summary judgment motion on the issue of proximate cause had been fully briefed, a stay of all discovery was warranted. [Filing No. 92 at ECF p. 4](). The Magistrate Judge further stated in his order on the motion to reconsider that principles of fairness and judicial economy warranted resolution of the motion for summary judgment before permitting "unduly burdensome and expensive discovery." [Filing No. 103, at ECF p. 6](). The Magistrate Judge also took into account that the Plaintiffs represented at the May 28, 2014 discovery hearing that they did not need discovery in order to respond to the motion for summary judgment. [Filing No. 103, at ECF p. 6](). The June 3, 2014 order was on the Plaintiffs' motion to reconsider the Magistrate Judge's prior discovery order, in which he had already determined that a stay was warranted; there was no need for Defendants to make an additional Rule 26(c) showing prior to the June 3, 2014, ruling. Plaintiffs have not shown

that there was a manifest error of law made by the Magistrate Judge, and the Court will defer to his discretion on the discovery orders.

## IV. CONCLUSION

For the forgoing reasons, the Court finds that the Magistrate Judge's May 19 and June 3, 2014 discovery orders were not clearly erroneous or contrary to law. Therefore, the Plaintiff's objections ([Filing No. 107](#)) are **OVERRULED**.

SO ORDERED.

Date: 9/30/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Jason Ross Barclay
BARNES & THORNBURG LLP
jason.barclay@btlaw.com

Jeanine R. Kerridge
BARNES & THORNBURG LLP
jeanine.kerridge@btlaw.com

Larry A. Mackey
BARNES & THORNBURG LLP
larry.mackey@btlaw.com

James Gregory Garrison
GARRISON LAW FIRM
greg@garrisonlegal.com

Joshua N. Taylor
GARRISON LAW FIRM LLC
josh@garrisonlegal.com

John Carl Trimble
LEWIS WAGNER LLP
jtrimble@lewiswagner.com

Stephanie Lynn Cassman
LEWIS WAGNER LLP
scassman@lewiswagner.com

Theresa Renee Parish
LEWIS WAGNER LLP
tparish@lewiswagner.com

Robert M. Baker, IV
LEWIS WAGNER LLP
rbaker@lewiswagner.com

Carl Arthur Salzmann
SALZMANN LAW
salzmannlaw@ymail.com

Dane Andrew Mize
SKILES DETRUDE
dmize@skilesdetrude.com

Richard Robert Skiles
SKILES DETRUDE
rskiles@skilesdetrude.com