**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| ROBERT EVAN SPIERER, and | ) | |
| MARY CHARLENE SPIERER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:13-cv-00991-TWP-TAB |
| | ) | |
| COREY E ROSSMAN, and | ) | |
| JASON ISAAC ROSENBAUM, | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY ON MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on a Motion for Summary Judgment filed by Defendant Jason Rosenbaum ("Rosenbaum") ([Filing No. 61](#)) and joined by Defendant Corey Rossman ("Rossman") ([Filing No. 89](#)). Also before the Court is Plaintiffs' Motion for Leave to Supplement Response to Rosenbaum's Summary Judgment Motion with Additional Rule 56(d) Affidavit ([Filing No. 95](#)), filed by Robert and Mary Spierer ("the Spierers") and Defendant Rossman's Motion to Join Rosenbaum's Objection to Plaintiffs' Motion for Leave to Supplement Response to Rosenbaum's Summary Judgment with Additional Rule 56(d) Affidavit. ([Filing No. 105](#)). For the reasons set forth below, Rossman's Motion to Join Rosenbaum's Objection is **GRANTED**, the Motion for Leave to File Supplement is **DENIED**, and the Motion for Summary Judgment is **GRANTED**.

## I.    BACKGROUND

The facts of this case are set forth in detail in the Court's entry on the Defendants' Motion to Dismiss ([Filing No. 37](#)) and will only be summarized in this Entry. The Spierers are the parents of Lauren Elizabeth Spierer ("Lauren"), who was enrolled as a student at Indiana University in

Bloomington, Indiana in June 2011, and Lauren was under the age of 23. Rossman and Rosenbaum (collectively, "Defendants") were also enrolled as students at Indiana University. In the early morning hours of June 3, 2011, Lauren disappeared from the streets of downtown Bloomington after a night of drinking with Defendants at a party at Rosenbaum's apartment, as well as at a bar with Rossman.

Specifically, the Spierers allege that on or about the night of June 2 and in the early morning hours of June 3, 2011, Lauren attended a party at Rosenbaum's residence as his invited guest, and also allege that he provided her with alcohol. Lauren left the party with Rossman and went to his apartment, then Lauren and Rossman went to Kilroy's Sports Bar ("Kilroy's"), which was approximately three blocks from Rossman's residence. Rossman purchased additional alcoholic beverages for Lauren at Kilroy's. At approximately 2:30 a.m., Lauren was observed in an intoxicated state leaving Kilroy's with Rossman, without her shoes or cell phone. She and Rossman first headed to her apartment, and then returned to Rossman's apartment.

At approximately 3:30 a.m., Rossman's roommate, Michael Beth ("Beth"), returned to the apartment and discovered Lauren there in an extremely intoxicated state. Beth escorted Lauren back to Rosenbaum's apartment, and Rosenbaum unsuccessfully attempted to contact someone to come pick Lauren up and return her to her apartment. Lauren was last seen leaving Rosenbaum's apartment on her own, and he briefly witnessed her walking in the direction of 11th Street and College Avenue at approximately 4:30 a.m. Tragically, Lauren never made it back to her apartment. After over three years of intensive searching, Lauren has never been located. The Spierers presume that she has suffered injuries which resulted in her death.

The Spierers filed claims against Rossman, Rosenbaum, and Beth for negligence under the Indiana Child Wrongful Death Statute, Ind. Code § 34-23-2-1, and against Rossman and

Rosenbaum for negligence *per se* and for violations of the Indiana Dram Shop Act, Ind. Code §
7.1-5-10-15.5 ("Dram Shop Act"). This Court dismissed the Indiana Child Wrongful Death claim
against all three Defendants, but denied the motion to dismiss on the negligence *per se* and Dram
Shop Act claims against Rossman and Rosenbaum (Filing No. 37).

## II. <u>LEGAL STANDARD</u>

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as
to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.
56(a). In ruling on a motion for summary judgment, the court reviews "the record in the light most
favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor."
*Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). However, "[a] party who
bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively
demonstrate, by specific factual allegations, that there is a genuine issue of material fact that
requires trial." *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007). "In much
the same way that a court is not required to scour the record in search of evidence to defeat the
motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of a claim."
*Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citation and internal quotations omitted).
"[N]either the mere existence of some alleged factual dispute between the parties . . . nor the
existence of some metaphysical doubt as to the material facts . . . is sufficient to defeat a motion
for summary judgment." *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir.
1997) (citations and internal quotations omitted).

## III. <u>DISCUSSION</u>

Rosenbaum, and later joined by Rossman, filed this Motion for Summary Judgment on the
sole issue of causation, which is a necessary element of the Spierers' negligence *per se* and Indiana

Dram Shop Act claims. There are two issues before the Court. First, Defendants argue that the Spierers cannot designate sufficient evidence from which a reasonable jury could find that Lauren's intoxication was the proximate cause of her alleged injury and/or death. The Spierers argue that summary judgment is inappropriate because they did not have the opportunity to conduct discovery prior to the filing of the motion, and because Defendants did not designate any evidence in support of their motion. The other issue before the Court is the sufficiency and effect of the Spierers' Rule 56(d) affidavits filed with their summary judgment responses, and whether they should be permitted to file a "supplemental response" to Defendants' motion, including an additional Rule 56(d) affidavit. As an initial matter, Rossman has moved to join Rosenbaum's objection to the Spierers' motion for leave to supplement their summary judgment with additional Rule 56(d) affidavit. The Spierers have not responded and this motion ([Filing No. 105](#)) is **GRANTED** as a routine motion.

Each issue will be addressed below.

**A.      Motion to Supplement Summary Judgment Response**

On May 23, 2014, the Spierers filed a motion for leave to file a supplemental response to Rosenbaum's motion for summary judgment. ([Filing No. 95](#).) Attached to the motion is an additional Rule 56(d) affidavit, which is also attached to the Spierers' response to Rossman's joinder of Rosenbaum's motion for summary judgment. ([Filing No. 94](#); [Filing No. 101](#).) The Local Rules do not provide for the filing of a "supplemental response," and only permits the filing of a surreply in instances where the movant cites new evidence in the reply or objects to the admissibility of evidence cited in the response. S.D. Ind. L.R. 56-1(d). In addition, surreplies must be filed within seven days after the movant serves the reply. *Id.* None of these circumstances

are applicable here, as the Spierers are not attempting to address new evidence or respond to any objections.

The Spierers provide no valid legal justification for seeking to supplement their original summary judgment response. They argue that Rule 56(e)(1) permits such supplementation, essentially admitting they are attempting to cure their failure to properly respond to Rosenbaum's motion for summary judgment under Rule 56(c). However, the option to give a party an opportunity to support or address a fact it previously failed to support or address is left to the discretion of the Court, which may alternatively consider the fact undisputed for purposes of the motion, grant summary judgment, or issue "any other appropriate order." Fed. R. Civ. P. 56(e). The Court has the discretion to deny a request for leave to file a supplementary response to a motion for summary judgment where the party does not explain why the materials in the supplementary response could not have been discovered earlier, or why he had not immediately sought to amend or extend the filing deadline. *Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Stop Treaty Abuse-Wis., Inc.*, 991 F.2d 1249, 1257 (7th Cir. 1993). The fact that Rosenbaum's summary judgment motion was filed prior to discovery taking place is not a sufficient justification for the Spierers' request to supplement their response, as Rule 56(d) provides appropriate relief to the non-moving party under such circumstances. As will be further addressed below, the Spierers should have requested additional time to respond to Rosenbaum's motion for summary judgment so that the information in the supplemental response and attached affidavits could have been obtained prior to filing their response. The question of proximate cause is ripe for ruling and the Spierers have not presented a legal or factual reason for why they should be allowed to have a "second bite at the apple" by supplementing their response after the summary

judgment motion has already been fully briefed.  Therefore, the motion for leave to supplement their response to Rosenbaum's summary judgment motion is **DENIED**.[1]

## B.    Rule 56(d) Affidavits

Along with their response brief to Rosenbaum's motion for summary judgment, the Spierers included a Rule 56(d) affidavit. (Filing No. 71.)  Rule 56(d) states "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or take discovery; or (3) issue any other appropriate order." *Martin v. Gorajec*, No. 1:12-CV-00460-TWP, 2013 WL 319783, at *4 (S.D. Ind. Jan. 28, 2013) *amended,* 1:12-CV-00460-TWP, 2013 WL 1327312 (S.D. Ind. Mar. 29, 2013).  A party seeking Rule 56(d)'s protection must make a good faith showing that it cannot respond to the movants' affidavits. *Kalis v. Colgate–Palmolive Co.*, 231 F.3d 1049, 1058 n.5 (7th Cir. 2000).  This requires an affidavit from the non-movant specifically identifying the material facts that it anticipates discovering.  *See Grundstat v. Ritt*, 166 F.3d 867, 873 (7th Cir. 1999) (finding vague assertions that discovery would develop genuine issues of material fact insufficient to grant continuance).

Curiously, the Spierers insist they are not requesting additional time to respond to the Defendants' motion for summary judgment, which is the typical course of action under Rule 56(d) when a party claims that it has not had an adequate opportunity to conduct discovery.  Rather, the Spierers rely upon Rule 56(d)(1) to argue that the Court is required to deny Defendants' motion for summary judgment because they were not afforded an opportunity to conduct discovery.  The

---

[1] The Court notes that an identical affidavit is attached to the Spierers' response in opposition to Rossman's motion for summary judgment filed subsequent to his motion to join Rosenbaum's motion for summary judgment.  (Filing No. 89).  The Defendants object to the separate response to Rossman's motion for summary judgment, arguing that the joinder did not re-open briefing.  Filing No. 104.  The Spierers essentially make the same argument in this response as they do in their response to Rosenbaum's motion, so the Court will consider this additional response in its ruling.

Spierers argue that Defendants' motion is "premature" absent discovery essential to allow them to adequately respond to summary judgment. However, the Spierers insist that they do not seek, nor do they need, additional time to conduct discovery in order to respond to Rossman and Rosenbaum's motion for summary judgment. (Filing No. 94, at ECF p. 8). This position was also stated during a May 28, 2014 hearing before the Magistrate Judge, where they informed the Court that they did not need discovery to respond to the summary judgment motion. *See* Filing No. 103, at ECF p. 3 ("Plaintiffs reiterated at the May 28 hearing that no discovery was needed to respond to the pending summary judgment motion."). Rather, they erroneously assert that because no discovery had been conducted prior to the filing of the motion, the Court must outright deny the motion under Rule 56(d)(1).

The Spierers completely ignore the second option under Rule 56(d), which is to "allow time to obtain affidavits or declarations or to take discovery." Fed. R. Civ. P. 56(d)(2). It is within the Court's discretion to choose the appropriate relief under Rule 56(d); it is not for the nonmoving party to choose which option it prefers. The assumption that the Court would be required to deny summary judgment because the motion was filed early in the discovery process leaves the Spierers in a precarious position, as they have now fully briefed the Defendants' motion without the benefit of supporting evidence. Simply claiming that a party has not had the opportunity to conduct discovery is not enough to defeat a motion for summary judgment. "Rule 56 does not require that discovery take place in all cases before summary judgment can be granted. . . . In fact, the Seventh Circuit has noted that 'the fact that discovery is not complete—indeed has not begun—need not defeat [a motion for summary judgment].'" *Waterloo Furniture Components, Ltd. v. Haworth, Inc.*, 467 F.3d 641, 648 (7th Cir. 2006) (quoting *Am. Nurses' Ass'n. v. Ill.*, 783 F.2d 716, 729 (7th Cir. 1986)); *see also Reflectone, Inc. v. Farrand Optical Co., Inc.*, 862 F.2d 841, 843-44 (11th Cir.

1989) (Federal Rule of Civil Procedure 56(d) does not create a blanket prohibition on granting summary judgment motions before discovery). As such, the Spierers' argument that the Court is required to deny summary judgment on this basis is untenable.

Even if the Court considers the Spierers' Rule 56(d) affidavits as a request for additional time to conduct discovery, the affidavits are problematic for a number of other reasons. First, the Rule 56(d) affidavits themselves are deficient. A Rule 56(d) affidavit should include "(1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to create a genuine issue of material fact; (3) what efforts the affiant has made to obtain those facts; and (4) why these efforts were unsuccessful." *Buquer v. City of Indianapolis*, No. 1:11-cv-00708-SEB, 2012 WL 829666, *2 (S.D. Ind. Mar. 9, 2012). Requests for additional discovery must be specific, cannot be based upon speculation, and must demonstrate how discovery would be likely to reveal genuine disputes of material fact. *Trzeciak v. State Farm Fire & Cas. Co.*, 809 F. Supp. 2d 900, 905 (N.D. Ind. 2011) (citing *Davis v. G.N. Mortgage Corp.,* 396 F.3d 869, 885 (7th Cir. 2005); *Woods v. City of Chi.*, 234 F.3d 979, 990 (7th Cir. 2000)).

Importantly, the Spierers have not stated in their Rule 56(d) affidavits what information they anticipate obtaining through discovery, and/or how this information will create a genuine dispute of material fact. As previously pointed out by the Magistrate Judge, the affidavit attached to the summary judgment response "fails to explain why discovery is needed or what specifically would be sought through discovery." (Filing No. 92, at ECF p. 2.) The affidavit merely states that the Spierers "reasonably require discovery, including Interrogatories, Requests for Production of Documents and Requests for Admission to Defendants, depositions, nonparty and expert discovery to identify evidence supporting their claims." (Filing No. 71-1, at ECF p. 2.) The remainder of the declaration describes the case's procedural history. (Filing No. 71-1.) The Court agrees with

the Magistrate Judge's assessment that this general request is insufficient to support a request for additional discovery under Rule 56(d), as it does not specifically describe what information is being sought and how such information will create a genuine dispute of material fact.

The second 56(d) affidavit attached to the Spierers' Response in Opposition to Defendant Rossman's Motion for Summary Judgment is also deficient ([Filing No. 94](#); [Filing No. 101](#)). The additional affidavits are from the Spierers' counsel, Jason Barclay ("Mr. Barclay"), and from toxicologist, Harry B. Plotnick, Ph.D. ("Dr. Plotnick"), affirming that Dr. Plotnick can provide expert testimony on the issue of causation, stating that "Dr. Plotnick's testimony would be needed to effectively respond to a properly-filed motion for summary judgment on the issue of causation." ([Filing No. 101, at ECF p. 4](#)). Specifically, Dr. Plotnick seeks evidence about the "amounts, types and times of Lauren's chemical ingestion" so that he might "offer opinion testimony that Ms. Spierer's blood alcohol level would have been sufficiently high to seriously diminish her physical and mental capacity and thereby prevent her from walking under her own power several blocks, resisting an attacker, or seeking law enforcement or medical help on her own." ([Filing No. 101, at ECF p.8](#).) Mr. Barclay's declaration also generally requests "other factual discovery" that "could uncover additional evidence related to Ms. Spierer's disappearance." ([Filing No. 101, at ECF p. 4](#)).

This argument is flawed because the Spierers have failed to demonstrate how Dr. Plotnick's testimony regarding Lauren's blood alcohol level at the time of her disappearance is a fact that is material to causation. Rosenbaum does not dispute the allegation in the Spierers' Complaint that he furnished Lauren with alcohol at his residence while Lauren was in a visibly intoxicated state. Further, there is no dispute that Lauren was extremely intoxicated when she left Rosenbaum's apartment for the last time. The Spierers, however, fail to explain how additional information

about her level of intoxication is relevant to the issue before the Court on summary judgment, which is whether the Spierers can prove that the Defendants' conduct was the proximate cause of Lauren's injury and/or death. Expert testimony about Lauren's blood alcohol level does not provide any insight into what actually happened to her after she was last seen by Rosenbaum. In addition, stating that additional discovery "could uncover additional evidence" is too vague to satisfy the affidavit requirements of Rule 56(d). "Rule [56(d)][2] requires a party opposing summary judgment to do more than request a 'fishing expedition' in the hope of finding evidence sufficient to establish the existence of a genuine issue of material fact." *Cima v. WellPoint Health Networks, Inc.*, 556 F. Supp. 2d 901, 905 (S.D. Ill. 2008). In reaching this decision, the Court has considered the affidavits filed by the Spierers, but finds that they are insufficient to support a request to allow time to take discovery.

Second, the Rule 56(d) affidavit is not a properly filed motion. The Spierers argue that the Rule 56(d) affidavit attached to their response was adequate, arguing "[t]here is no requirement that the Spierers can identify . . . that a Rule 56(d) affidavit must always be accompanied by a motion." ([Filing No. 94, at ECF p 8](#)). It is a basic rule that the Court does not act upon affidavits; it acts upon motions. Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made *by motion*. The motion must (A) be in writing . . . (B) state with particularity the grounds seeking the order; and (C) state the relief sought.") (emphasis added). In addition, there is case law that states that the proper procedure to request more time to conduct discovery in order to respond to a summary judgment motion is to file a Rule 56(d) motion. "When a party thinks it needs additional discovery in order to oppose a motion for summary judgment . . . Rule [56(d)] of the Federal Rules of Civil

---

[2] The current Rule 56(d) became effective on December 1, 2010. Prior to that date, the substance of current Rule 56(d) was contained in the former Rule 56(f). The standards applied to Rule 56(f) apply in equal force to Rule 56(d). *See* Fed. R. Civ. P. 56(d) advisory committee's note (2010) ("Subdivision (d) carries forward without substantial change to the provisions of former subdivision (f).")

Procedure provides a simple procedure for requesting relief: move for a continuance and submit an affidavit explaining why the additional discovery is necessary." *Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006). The affidavit itself is not the motion; the affidavit is merely the support for the request that the court issue an order deferring the time to respond to the summary judgment motion. *See* Fed. R. Civ. P. 56(d) advisory committee's note (2010). Because the Spierers concede that they did not file a Rule 56(d) motion, believing that there was no need for them to do so, there is nothing for the Court to act upon to issue an order.

Third, even if the Court were to construe the Rule 56(d) affidavit attached to the Spierers' response as a "motion," it would still be procedurally improper under Local Rule 7-1, which states "[m]otions must be filed separately. . . . A motion must not be contained within a brief, response, or reply to a previously filed motion, unless ordered by the court." The Rule 56(d) affidavits were attached to and referenced in what is clearly the Spierers' responses to the Defendants' motion for summary judgment. Thus, even if the Spierers had intended to include a motion in their responses, the Court would have to deny them on procedural grounds because they are impermissibly contained in response briefs. The Spierers may not respond to summary judgment, but then in the alternative request additional time to conduct discovery to gather additional information if the Court decides they have not met their burden in their response. *See In re Cardtronics ATM Fee Notice Litig.*, 874 F. Supp. 2d 916, 927 (S.D. Cal. 2012) *aff'd,* 559 F. App'x 633 (9th Cir. 2014) ("Plaintiffs must make a motion under Rule 56(d) for a continuance and for leave to conduct additional discovery; they may not raise a request for relief under Rule 56(d) in an opposition brief.").

The Spierers committed procedural error by filing a Rule 56(d) affidavit contemporaneously with their response to summary judgment. The Court's decision in *Martin v.*

*Gorajec* is instructive.  In *Martin*, this Court denied the non-movant's Rule 56(d) motion, in part because he had already fully responded to and briefed the defendants' summary judgment motion, pointing out that at no point prior to responding to the defendants' motion had the non-movant requested a stay to conduct discovery.  "The important fact is that Mr. Martin did respond to these motions. . . . Mr. Martin should have requested this relief when it became apparent he could not adequately respond to the motions.  Instead, Mr. Martin chose to respond."  *Martin*, 2013 WL 319783, at *5.  The Court concluded that Mr. Martin's Rule 56(d) motion was not "properly filed," and stated "[t]he Court will not allow Mr. Martin to stall these proceedings by essentially requesting another bite at the apple to establish facts that support his position. . . . "  *Id.*

Likewise, in this case, the Spierers' request for relief under Rule 56(d) was not properly filed because they had already responded to Defendants' motion for summary judgment.  As repeatedly pointed out and relied upon in their brief, the Spierers knew they did not have sufficient facts to support their opposition the day the motion was filed.  Responding to the Defendants' motion was not their only option; Rule 56 contemplates these very types of situations and affords the non-moving party the ability to obtain discovery when warranted.  The Spierers had ample opportunity to request an extension of time to conduct discovery sufficient to respond to the Defendants' motion.  They chose not to do so, and insist they were not required to do so.  Filing No. 94, at ECF p. 8; *see also* Filing No. 103, at ECF p. 3 ("Although Plaintiffs ordinarily would be entitled to discovery in an effort to avoid summary judgment, Plaintiffs opted instead to respond to that motion.  Plaintiffs reiterated at the May 28 hearing that no discovery was needed to respond to the pending summary judgment motion.")

Thus, the Court finds the Spierers' Rule 56(d) affidavits are procedurally improper, and the request to conduct additional discovery is **DENIED**.  The Court must now decide whether the

Defendants are entitled to judgment as a matter of law based upon the briefs submitted by the parties.

## C.      Summary Judgment

Defendants filed their motion for summary judgment as to a single, yet critical, issue: proximate cause. Defendants assert that the Spierers are unable to show that there is a genuine dispute of material fact as to whether Lauren's intoxication was the proximate cause of her alleged injury and/or death because they have no evidence of what happened to Lauren. The Spierers argue that the Defendants' motion should be denied (1) because they failed to satisfy their burden of proof in their brief in support of summary judgment; (2) discovery had not been conducted prior to the filing of the motion; and (3) proximate cause is a question of fact for the jury.

### 1.      Burden on Summary Judgment

The Spierers erroneously assert that the Defendants failed to satisfy their burden of proof and improperly shift that burden to the Spierers. It is well established that on a motion for summary judgment, the moving party has the burden of demonstrating that there are no genuine questions of material fact and that he is entitled to judgment as a matter of law. The moving party's burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 (7th Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 (1986)). Rule 56(c)(1)(B) states "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . showing that the materials cited do not establish the absence or presence of a genuine dispute *or* that an adverse party cannot produce admissible evidence to support the fact." (emphasis added). There is no requirement that the moving party cite to additional affidavits or other evidence, and the Supreme Court has clearly stated "a party seeking

summary judgment always bears the initial responsibility of informing the district court of the basis for its motion. . . . [W]e find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." *Celotex*, 477 U.S. at 323 (emphasis added); see *also* Fed. R. Civ. P. 56(c) advisory committee's comments (2010) ("[A] party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to the fact."). The Court finds that the Defendants have sufficiently met their burden on summary judgment by bringing to the Court's attention the basis for their motion, which is their argument that the Spierers lack evidence to support causation, a key element of their claim.

The Spierers also erroneously assert that the Defendants have improperly shifted the burden of proof to them. They argue that the Defendants' legal argument is "based on the faulty premise that the Spierers, and not the Defendants, must come forward with evidence to prove there is a 'genuine issue of dispute as to any material fact.'" ([Filing No. 94, at ECF p. 3](#)). However, this is precisely their burden. As stated above and previously discussed by the Magistrate Judge in his discovery order, a moving party satisfies its initial burden by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. [Filing No. 103, at ECF pp. 4-5](#). Furthermore, it is well established that "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490. "[T]he *nonmoving party* must identify with reasonable particularity the evidence upon which the party relies." *Id.* (emphasis added). Because the Spierers ultimately bear the burden of proving each element of their claim at trial, the burden is properly on the Spierers to put forth sufficient evidence to show that there is a question of material fact precluding summary

judgment. The argument that summary judgment should be denied on the basis that Defendants have not met their burden under Rule 56, or because the Defendants have improperly shifted the burden to the Spierers, is unavailing.

The Spierers' argument that they "do not need to cite to any evidence, and do not need to even respond to [Defendants'] motion for summary judgment substantively" misapprehends the nature of the parties' burdens at summary judgment. The Court finds that the Defendants have met their burden on summary judgment, and therefore the burden is now on the Spierers to affirmatively respond with evidence to defeat the Defendants' motion and show there is a factual dispute for trial. Unfortunately, by their own admission, they failed to do so.

### 2. Lack of Discovery Does not Preclude Summary Judgment

As discussed above, the Spierers argue that summary judgment should be denied because the Defendants' motion was filed before discovery had been conducted, and is thus "premature." While it may be reversible error for a court to issue a ruling on a motion for summary judgment before the party opposing the motion has had a fair opportunity to conduct discovery relevant to the factual issues in the motion, *Celotex*, 477 U.S. at 326, there is nothing that prohibits a party from moving for summary judgment prior to discovery. *See* Fed. R. Civ. P. 56(b) ("[A] party may file a motion for summary judgment *at any time* until 30 days after the close of all discovery.").

However, the obligation is on the nonmoving party to request additional time for discovery in order to adequately respond to a motion for summary judgment filed early in a case if such discovery is required. The Seventh Circuit has found it not to be an abuse of discretion when a district court rules on summary judgment prior to discovery where the nonmoving party did not request relief under Rule 56(d). *See Woods v. City of Chicago*, 234 F.3d 979, 990 (7th Cir. 2000) (plaintiff's failure to file an affidavit outlining reasons for needing further discovery as

contemplated by Rule 56(d) justified affirmance of district court's grant of summary judgment); *Wallace v. Tilley,* 41 F.3d 296, 302–03 (7th Cir. 1994) ("[W]hen a party does not avail himself of relief under Rule [56(d)], it is generally not an abuse of discretion for the district court to rule on the motion for summary judgment.") (internal quotations omitted). The Spierers had adequate opportunity to request an extension of time to conduct discovery under Rule 56(d) but failed to adequately do so; thus it is proper for the Court to issue a ruling on the merits.

### 3. Causation

In erroneously deducing that they did not need to produce any evidence of disputed material facts in response to Defendants' motion, the Spierers have failed to meet their burden to overcome summary judgment. The Spierers attempt to identify factual disputes by arguing that Rosenbaum has not identified "undisputed facts" beyond the allegations in the Spierers' Complaint because such facts are based upon unverified and unsworn statements. This argument is unavailing and contrary to established law, which states "a party is bound by what it states in its pleadings." *Soo Line R. Co. v. St. Louis Sw. Ry. Co.*, 125 F.3d 481, 483 (7th Cir. 1997). Facts alleged in pleadings are judicial admissions, and are binding on the party making them. *Id.* "[J]udicial efficiency demands that a party not be allowed to controvert what it has already unequivocally told a court by the most formal and considered means possible." *Id.* The Spierers cannot now manufacture a question of fact by objecting to the Defendants' stipulation to their version of the facts in the case, which Defendants are permitted to do even if just for purposes of the summary judgment motion. *See* Fed. R. Civ. P. 56(c)(1)(A).

The Spierers do not identify any other evidence that would create a dispute of material fact as to the issue raised on summary judgment, which is proximate cause. The Indiana Dram Shop Act imposes liability on a person who (1) furnishes alcoholic beverages to an individual with actual

knowledge that the person to whom the alcoholic beverage was furnished was visibly intoxicated at the time, and (2) the intoxication of the person to whom the alcoholic beverage was furnished was the proximate cause of the death, injury, or damage alleged in the complaint.  I.C. § 7.1-5-1-15.5(b).  Whether the intoxication was the proximate cause of the injury requires consideration of whether the injury was the "natural and probable consequence of the negligent act which, in light of the attending circumstances, could have been reasonably foreseen or anticipated."  *Merchants Nat'l Bank v. Simrell's Sports Bar & Grill*, 741 N.E.2d 383, 389 (Ind. Ct. App. 2000).  In addition, the Indiana Dram Shop Act requires a plaintiff to show that her intoxication was "that cause which, in natural and continuous sequence, *unbroken by an efficient intervening cause*, produced the result complained of. . . ."  *Booker, Inc. v. Morrill*, 639 N.E.2d 358, 363 (Ind. Ct. App. 1994) (emphasis added).

Indiana courts have held criminal acts by third parties to be intervening circumstances that may break the causal chain between an alcohol provider's negligence and a plaintiff's injury/death.  In *Merchants*, a patron who was furnished with alcohol at a tavern became involved in an altercation with another group of patrons outside the tavern and was shot and killed.  The Indiana Court of Appeals upheld the trial court's grant of summary judgment in favor of the tavern, holding that summary judgment was appropriate because any breach of the tavern's statutory duty under the Indiana Dram Shop Act was not the proximate cause of the resulting harm.  *Merchants*, 741 N.E.2d at 389.  The court found that the second patron's criminal act was an intervening act that broke the causal chain between the tavern's alleged negligence and the patron's death.  *Id.; see also Fast Eddie's v. Hall*, 688 N.E.2d 1270, 1274 (Ind. Ct. App. 1997) (summary judgment in favor of tavern was appropriate where "a willful, malicious criminal act of a third party is an

intervening act which breaks the causal chain between the alleged negligence and the resulting harm.").

The Court has already stated that whether the Indiana Dram Shop Act has been violated is a question of fact for the jury, and one of those facts that must be determined is whether the injury sustained by Lauren was proximately caused by her intoxication. (Filing No. 37, at ECF p. 20.) However, the Spierers have not met their burden of refuting Defendants' assertion that the Spierers cannot put forth any evidence to prove this causal connection because there is no evidence which would allow a jury to determine what happened to Lauren; thus there can be no factual dispute for the jury to decide. Instead of relying upon evidence, the Spierers are asking the trier of fact to make an assumption as to what happened to Lauren, to assume that her intoxication was the proximate cause of whatever happened to her, and to assume that there were no other intervening circumstances that could have broken the causal chain. One theory that the Spierers advance is that Lauren's diminished capacity caused her to fall victim to a criminal act, such as abduction and/or homicide. However, this scenario is precisely the circumstance which Indiana courts have held breaks the causal chain between the alleged negligence and the resulting harm. *See Johnson v. Jacobs*, 970 N.E.2d 666, 671 (Ind. Ct. App. 2011) ("A willful, malicious criminal act of a third party is an intervening act that breaks the causal chain between the alleged negligence and the resulting harm.").

In any event, this is only one theory—*i.e.* speculation—regarding what happened to Lauren in the morning hours of June 3, 2011, and it is well-settled that speculation cannot support a finding of proximate cause, and cannot satisfy a plaintiff's burden at summary judgment. *Porter v. Whitehall Labs., Inc.*, 791 F. Supp. 1335, 1346 (S.D. Ind. 1992) *aff'd*, 9 F.3d 607 (7th Cir. 1993) ("[C]ausal connection must be established by 'provable facts' and 'cannot be based upon mere

guess, conjecture, surmise, possibility or speculation.'" (quoting *Collins v. Am. Optometric Ass'n*, 693 F.2d 636, 640 (7th Cir. 1982)); *see also Beckom v. Quigley*, 824 N.E.2d 420, 424 (Ind. Ct. App. 2005) (when a claim is based only on speculation as to cause of injury, plaintiff has failed to meet his burden of establishing causation and summary judgment is appropriate). Unfortunately, there could be any number of theories as to what happened to Lauren and what, if any, injuries she may have sustained. Without evidence to prove these theories, it would be impossible for a jury to determine if whatever happened to Lauren was a natural and probable consequence of her intoxication, without any other intervening acts that would break the causal chain.

The Court finds that the Spierers have not presented evidence upon which a reasonable jury could rely that would allow them to prove their case against the Defendants. Specifically, they have not met their burden of showing that there is a question of material fact as to the causation element of their claim. At this stage of the proceedings, the Spierers can no longer rely upon the allegations in their Complaint, as they could during the motion to dismiss phase of the case. As the Seventh Circuit has often stated, "summary judgment 'is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events.'" *Koszola v. Bd. of Educ. of City of Chi.*, 385 F.3d 1104, 1111 (7th Cir. 2004) (quoting *Johnson v. Cambridge Indus., Inc.,* 325 F.3d 892, 901 (7th Cir. 2003)). Because the Spierers have failed to do so, the motion for summary judgment filed by Rosenbaum and joined by Rossman is **GRANTED**.

## IV. CONCLUSION

Based upon the foregoing, the Court finds that the Spierers did not properly request additional time to conduct discovery under Federal Rule of Civil Procedure 56(d), as they failed to comply with Federal Rule of Civil Procedure 7(b) by filing a motion for extension of time; failed

to comply with Local Rule 7-1 by including their request for additional discovery in a response brief; and failed to submit a Rule 56(d) affidavit that sets forth the discovery sought, the means by which it would be obtained, and what material facts such discovery would show are in dispute with sufficient specificity. In addition, there is no basis upon which the Court should grant the Spierers' Motion for Leave to file a Supplement to Plaintiffs' Response to Rosenbaum's Summary Judgment Motion with Additional Rule 56(d) Affidavit (Filing No. 95), and it is therefore **DENIED**.

The Court concludes that Rosenbaum and Rossman adequately met their burden of showing that the Spierers could not produce evidence on an essential element of their claim, shifting the burden to the Spierers to come forth with evidence in support of their claim. The Spierers instead opted to go forward and respond to the Defendants' motion for summary judgment without the benefit of discovery, in part because they erroneously concluded that they were not required to put forth such evidence. Although the Court has great sympathy for the Spierers, they have failed to meet their burden of showing that there is a genuine dispute of material fact with respect to the element of causation. Therefore, the Defendants' Motion for Summary Judgment (Filing No. 61) is **GRANTED**, and the Spierers' claims against Rosenbaum and Rossman are **DISMISSED with prejudice**.

       **SO ORDERED.**

Date: 9/30/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jason Ross Barclay
BARNES & THORNBURG LLP
jason.barclay@btlaw.com

Stephanie Lynn Cassman
LEWIS WAGNER LLP
scassman@lewiswagner.com

Jeanine R. Kerridge
BARNES & THORNBURG LLP
jeanine.kerridge@btlaw.com

Theresa Renee Parish
LEWIS WAGNER LLP
tparish@lewiswagner.com

Larry A. Mackey
BARNES & THORNBURG LLP
larry.mackey@btlaw.com

Robert M. Baker, IV
LEWIS WAGNER LLP
rbaker@lewiswagner.com

James Gregory Garrison
GARRISON LAW FIRM
greg@garrisonlegal.com

Carl Arthur Salzmann
SALZMANN LAW
salzmannlaw@ymail.com

Joshua N. Taylor
GARRISON LAW FIRM LLC
josh@garrisonlegal.com

Dane Andrew Mize
SKILES DETRUDE
dmize@skilesdetrude.com

John Carl Trimble
LEWIS WAGNER LLP
jtrimble@lewiswagner.com

Richard Robert Skiles
SKILES DETRUDE
rskiles@skilesdetrude.com